SK   SCM0664
9/2/12

7:20pm

LEONARD G. HOROWITZ,  pro se
13-3775 Kalapana Hwy.
Pahoa, HI 96778
808-965-2112; Email: len15@mac.com

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 MAR 13  AM 11: 51

H. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT,

HONOLULU DIVISION, STATE OF HAWAII

| | | |
|---|---|---|
| LEONARD G. HOROWITZ, and SHERRI KANE | ) ) | CIV. NO.:  **12-1-0670-03**  PWB |
|             Plaintiffs, pro se | ) ) ) | |
|     vs. | ) ) | **COMPLAINT FOR CONSPIRACY IN THE COMMISSION OF IDENTITY THEFT, EXTORTION, LIBEL, PUBLIC DISCLOSURE OF PRIVATE FACTS, INVASION OF PRIVACY, COMPUTER CRIME, UNFAIR TRADE, DECEPTIVE BUSINESS PRACTICES AND ORGANIZED CRIME IN VIOLATION OF THE SHERMAN ANTI-TRUST ACT; DECLARATION OF LEONARD G. HOROWITZ; DECLARATION OF SHERRI KANE; AFFIDAVIT OF TRACY YORK; EXHIBITS LIST; SUMMONS; CERTIFICATE OF SERVICE** |
| JACQUELINE G. LINDENBACH; RHONDA GOADE; HEALTHY WORLD CELEBRATIONS, LLC; ROXANNE HAMPTON; SHERYLE SULTAN (aka SATIVA JONES); ALMA C. OTT (aka A. TRUE OTT);  JOAN OTT; MOTHER EARTH MINERALS, INC.;  ALEX MCGOWIN STUDER; TIMOTHY PATRICK WHITE, PETER J BOUDREAU (aka KEN ADACHI); CRAIG OXLEY; ERIC JON PHELPS; MICROAIDE, INC.; DON NICOLOFF; GREG SZYMANSKI; DAVID ICKE; BILL DEAGLE; ALEX JONES; ANTHONY J. HILDER; MESISSA ELLEN PENN; DON WOLF (aka FRANK DEARBORN), UNIVERSAL HEALTH RESEARCH & EDUCATION, TODD ELLISON, MAKETHEWEB.COM; 1&1 INC; SOFTLAYER TECHNOLOGIES, INC; DANA M. HERBERHOLZ; ZARIAN, MIDGLEY & JOHNSON, PLLC; IAN CLARK; ACTIVATION PRODUCTS, INC; and JOHN A. FINNEY; FINNEY FINNEY & FINNEY, PA.; John Does 1-100. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|             Defendants_____ | | |

I do hereby certify that this is a full, true and
correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit

1

EXHIBIT A

**COMPLAINT FOR CONSPIRACY IN THE COMMISSION OF IDENTITY THEFT, EXTORTION, LIBEL, PUBLIC DISCLOSURE OF PRIVATE FACTS, INVASION OF PRIVACY, COMPUTER CRIME, UNFAIR TRADE, DECEPTIVE BUSINESS PRACTICES AND ORGANIZED CRIME IN VIOLATION OF THE SHERMAN ANTI-TRUST ACT**

COMES NOW Plaintiffs LEONARD G. HOROWITZ and SHERRI KANE, by and through pro se representations, who file this Complaint seeking relief and awards for damages from Defendants' civil and criminal torts by pleading as follows:

**INTRODUCTORY ALLEGATIONS: THE PARTIES AND RELEVANT ENTITIES**

1. Plaintiff LEONARD G. HOROWITZ is a U.S. citizen residing in the State of Hawaii at 13-3775 Kalapana Highway, Pahoa, HI, 96778; and a principal in the business operations of the damaged corporations: Healing Celebrations, LLC, Tetrahedron, LLC, and Healthy World Distributing, LLC.

2. Plaintiff SHERRI KANE is a U.S. citizen residing in the State of Hawaii, whose address is P. O. Box 75104, Honolulu, HI 96836; and is a principal in damaged company Healthy World Distributing, LLC's HealthyWorldAffiliates.com, doing business with HOROWITZ and the aforementioned companies (hereafter referred to as "the original LLCs")

3. Defendant JACQUELINE G. LINDENBACH is a Canadian citizen, residing in Sandpoint, Idaho, the primary fiduciary of the Plaintiffs' companies, complicit in this averred criminal conspiracy. LINDENBACH's address is 229 Gypsy Bay Road, Sagle, Idaho 83860, and she works at 520 Pine Street, Sandpoint, Idaho, 83864.

4. RHONDA GOADE assisted fiduciary LINDENBACH, and also worked at 520 Pine Street, Sandpoint, Idaho, 83864, as previous manager for the Plaintiffs' companies.

2

5. HEALTHY WORLD CELEBRATIONS, LLC is an Idaho Corporation, formed by LINDENBACH on July 11, 2011 for the purpose of converting stolen properties to cash (i.e., money laundering); at 520 Pine Street, Sandpoint, Idaho, 83864, in the County of Bonner.

6. ROXANNE JOAN HAMPTON (aka RJ HAMPTON) is a Hawaii video journalist and caretaker of HOROWITZ's ministry estate in Pahoa, HI;  who HOROWITZ named "Prime Minister" of his ministry, and who conspired with LINDENBACH to extort, libel, and harass the Plaintiffs, and commit other crimes plead below. HAMPTON's address is 12-435 Laau Loke St., Pahoa, HI 96778; or address 2: 12 Moaniala St Pahoa, HI 96778 (with additional address at: PO Box 862, Pahoa, HI 96778).

7. SHERYLE LYNN SULTAN (aka SATIVA SULTAN-STERN) is HAMPTON's domestic partner, another caretaker of HOROWITZ's ministry's estate, and co-conspirator who defamed and libeled the Plaintiffs in collusion with HAMPTON, LINDENBACH, OTT et. al. SULTAN-STERN resides in Hawaii at 12-435 Laau Loke St., Pahoa, HI 96778; or address 2: 12 Moaniala St Pahoa, HI 96778 (with additional address at: PO Box 862, Pahoa, HI 96778).

9. ALMA C. OTT, (aka A. TRUE OTT, and "DR. TRUE OTT") competes with HOROWITZ in business and journalism, and is widely known for publishing White supremacy propaganda. OTT conspired with LINDENBACH and HAMPTON to extort and libel the Plaintiffs. OTT is believed to reside at 1725 204W, Cedar City, UT 84720; or address 2: 265 1725 N, Cedar City, UT 84721 (with additional address 3 at: 415 Main St., Cedar City, UT 84721).

10. MOTHER EARTH MINERALS, INC. is OTT's company that competes with the Plaintiffs companies for customers in the natural health products industry. The company's address is: 1260 S 1200 W # 3 Ogden UT. 84404.

3

11. JOAN OTT is an official in MOTHER EARTH MINERALS, INC., ALMA C. OTT's wife, who refused to receive service on behalf of her husband in a previous California injunction proceeding. Her best known address is the company's address at: 1260 S 1200 W # 3 Ogden UT. 84404.

12. TIMOTHY PATRICK WHITE is an ill-reputed "predicate felon" involved in "gang-stalking" and libeling the Plaintiffs via Internet publications—a form of computer crime and harassment. WHITE, a subordinate to OTT, conspired with OTT and HAMPTON to advance LINDENBACH's libel and extortion. WHITE's address is uncertain, but was previously: 1880 Milwaukee St., Denver, CO 80210; with second address at: 1911 Josephine St., Denver, CO 80210.

13. ALEX MCGOWIN STUDER is OTT's ill-reputed key publicist, who conspired with OTT and LINDENBACH to libel and extort the Plaintiffs. STUDER edited LINDENBACH's and HAMPTON's "secret blackmail video" used to libel, defame, and damage the Plaintiffs. STUDER is also the primary Internet publisher of OTT's propaganda libeling the Plaintiffs via Labvirus.com. STUDER's address is believed to be: 128 Jordan Ave., San Francisco, CA 94118; or address 2: 1666 Gough St., San Francisco, CA 94109.

14. PETER J. BOUDREAU (aka KEN ADACHI), is another OTT publicist and journalist who conspired with OTT, STUDER, WHITE, and HAMPTON to accomplice LINDENBACH's and OTT's extortion, through libel, cyber-crime, and Internet harassments. His address is believed to be: 641 Rome Dr., Los Angeles, CA 90065; or address 2: 1250 Adams Ave., Costa Mesa, CA 92626.

15. ERIC JON PHELPS, a leading White supremacist and anti-Catholic and anti-Jewish propagandist, who works closely with OTT, OXLEY and SZYMANSKI, in disseminating libelous propaganda against leading activists and pioneers in

4

alternative medicine. His company address is publicly listed as VERITECH: 118 North Ash Rd., Newmanstown, PA, 17073 and P. O. Box 306, Newmanstown, PA, 17073; 610-589-9966.

16. MICROAIDE, INC. is the contact for PHELPS's website called "Vatican Assassins" and company called VERITECH. It is addressed at: 9533 Old 22, P.O. Box 94, Bethel, PA 19507. 610-488-7498; 717-933-4815.

17. CRAIG OXLEY, with OTT and PHELPS, is a leading publisher of libel against HOROWITZ and KANE, and a PHELPS ideologue and sycophant that several analysts believe is an alias for ERIC JON PHELPS. OXLEY's address is unknown.

18. GREG SZYMANSKI, J.D. (a.k.a., ERIC SAMUELSON, J.D.) is a leading publisher, with OTT, OXLEY/PHELPS, BOUDREAU and STUDER, of libel against HOROWITZ, who instigated the libel with ALMA C. OTT that HOROWITZ was initiated as a Maltese Knight. (EXHIBIT P2, Rec. 1A) SZYMANSKI is an active promoter of OTT and PHELPS/OXLEY propaganda, who also promotes radical religious hate and extreme political positions. His contact information and address is concealed in his writings and website: thearcticbeacon.com.

19. DAVID ICKE is a leading conspiracy theorist who competes with HOROWITZ as a journalist. ICKE published SZYMANSKI's libel, neglected HOROWITZ's repeated requests to remove the libel, and continues promoting on his blog the sham claim that HOROWITZ was a Knight of Malta, and "Vatican shill," to subject HOROWITZ to ridicule.

20. ALEX JONES is a leading conspiracy theorist and radio talk show host competing with HOROWITZ in the media and in sales of natural medicines. JONES published SZYMANSKI's libel, neglected HOROWITZ's repeated requests to remove the libel, promotes the sham claim that HOROWITZ was a Knight of Malta,

a "Vatican shill," helped OTT, STUDER, LINDENBACH and HAMPTON disseminate a libelous video, and posts reference to Plaintiff KANE as a "Hairy Kunt."

21. BILL DEAGLE is a radio talk show host competing with HOROWITZ in the media and in sales of natural medicines. DEAGLE published OTT's extortionate libelous "BLACKMAIL" video on YouTube.

22. DON NICOLOFF is another radio talk show host who published libel against HOROWITZ, working in alliance with SZYMANSKI, OTT, and PHILPS, who breached a $2,500 contract he made with HOROWITZ to produce a pioneering album in 528Hz through Tetrahedron, LLC. His contact information and address is concealed in his writings and website, but his e-mail address is: donnicoloff@mac.com.

23. ANTHONY J. HILDER is a film producer and publisher of libel damaging HOROWITZ and KANE's reputations and business reputes; working in alliance with co-conspirators SZYMANSKI, OTT, WHITE, STUDER, BOUDREAU, NICOLOFF, ICKE, and JONES who co-promote each other over the Internet and radio networks, and co-libel and extort the Plaintiffs.

24. MELISSA ELLEN PENN is a "marketing consultant" who conspired with LINDENBACH and GOADE to plot extortion, theft, and a hostile takeover of the Plaintiffs' companies; living at: MELISSA ELLEN PENN, 2015 Winchester Avenue, Oceanside, CA 92054; 510-772-7262.

25. SHERIDAN BOOKS, INC. is a book printing company used by Plaintiff HOROWITZ and Tetrahedron, LLC, solicited by LINDENBACH to embargo HOROWITZ's books. SHERIDAN officials are complicit with LINDENBACH and GOADE as accessories to breach of contract and theft. The company is located at 100 North Staebler Road, Ann Arbor, MI 48103.

26. BRADLEY J. MELAMPY, is an attorney representing SHERIDAN BOOKS, INC., who failed to perform an inquiry reasonable, and conspired with LINDENBACH to breach contracts, usurping control over HOROWITZ's copyrighted books and publishing company, Tetrahedron, LLC; and whose contributory negligence damaged the Plaintiffs by breach of contract. MELAMPY's firm's address is: CONLIN, MCKENNEY & PHILBRICK, P.C. 350 S. Main Street, Suite 400 Ann Arbor, MI 48104-2131

27. CONLIN, MCKENNEY & PHILBRICK, P.C. is a law firm serving SHERIDAN BOOKS INC., located at: 350 S. Main Street, Suite 400 Ann Arbor, MI 48104-2131; accountable for MELAMPY's contributory negligence, breach of contract, and subsequent damages to the Plaintiffs.

28. PUBLISHERS STORAGE & SHIPPING CORP. is a book warehousing company used by Plaintiff HOROWITZ and his publishing company,Tetrahedron, LLC, complicit as an accessory to extortion and theft following solicitations by LINDENBACH and GOADE. This company is based at 46 Development Road, Fitchburg, MA 01420.

29. DONNA MOORE is PUBLISHERS STORAGE & SHIPPING CORP.'s warehouse manager, and accessory to extortion and misapplication of entrusted property following solicitations by LINDENBACH and GOADE. Defendant MOORE's address is also 46 Development Road, Fitchburg, MA 01420.

30. PETER QUICK is the president of PUBLISHERS STORAGE & SHIPPING CORP., who acted as an accessory to extortion and misapplication of entrusted property following LINDENBACH's solicitation. His address is 46 Development Road, Fitchburg, MA 01420.

7

31. DON WOLF (aka. FRANK DEARBORN, and "DR. MEDICINE WOLF") was a health products manufacturer under contract with Plaintiff HOROWITZ and his companies, who breached contracts following solicitation(s) by LINDENBACH and GOADE, and became complicit in this organized crime and conspiracy to extort HOROWITZ and KANE, take over their companies and health products line, convert by deception and misrepresentation their customers, and ruin the Plaintiffs' businesses in violation of Lanham Act statutes. WOLF/DEARBORN's business address is 2860 Hopi Drive, Suite 1A, Sedona, AZ 86336.

32. UNIVERSAL HEALTH RESEARCH & EDUCATION COMPANY, (aka BRILLIANT HEALTH, CO.) is DON WOLF's manufacturing entity, and supplier to LINDENBACH and the parties; that breached its contract to supply the Plaintiffs' companies with a consistent formulation of "Liquid Dentist," after charging and receiving $18,000.00 in a June, 2011, prepayment for the contracted shipment.

33. TODD ELLISON, is the owner of MAKETHEWEB.COM, an e-commerce contractor commissioned by LINDENBACH to sell converted properties and act as an accomplice in money laundering, damaging the Plaintiffs financially and emotionally, through HEALTHYWORLDCELEBRATIONS.com--the e-commerce domain of LINDENBACH's HEALTHY WORLD CELEBRATIONS, LLC.

34. SOFTLAYER TECHNOLOGIES, INC. is the dedicated server hosting service granting ELLISON and LINDENBACH Internet access to carry out extortion, money laundering, and other criminal torts detailed in this Complaint. Service to this company is made to Mr. Dody Lira, SoftLayer Technologies, Inc., 4849 Alpha Road Dallas, TX 75244)

35. DANA M. HERBERHOLZ is an attorney in ZABALLERO & SAN PABLO LAW OFFICES and (University Plaza, 960 Broadway Avenue, Suite 250, Boise, ID 83706), solicited by LINDENBACH to represented LINDENBACH's fraudulent

claims of trademark ownership for trademarks contractually promised to HOROWITZ; and who issued a damaging cease and desist notice to the Plaintiffs' business associates resulting in hundreds of thousands of dollars in financial damages.

36. IAN CLARK is the owner of ACTIVATION PRODUCTS, INC. and INTENSITY MARKETING, INC. at 3909 Witmer Rd. #574, Niagara Falls, NY 14305, who was noticed and frightened by HERBERHOLZ, and solicited by LINDENBACH to accomplice her extortion, theft, and libel; and as a result, breached contracts and generated bad will with Plaintiffs, causing them severe emotional distress, and damaging them financially hundreds of thousands of dollars in lost Liquid Dentist sales.

37. JOHN A. FINNEY, FINNEY, FINNEY & FINNEY, P.A., is the attorney for LINDENBACH and HEALTHY WORLD CELEBRATIONS, LLC, who violated several Idaho Rules of Professional Conduct, and is complicit in several criminal statutory violations. His address is: Old Powerhouse Building, 120 East Lake Street, Suite 317, Sandpoint, ID 83864. (208)-263-8211.

## ADDITIONAL ENTITIES OF CONCERN

38. The Royal Bloodline of David (TRBoD), is a Washington state Corporation Sole, non-profit ecclesiastical ministry, incorporated on October 31, 2001, by Plaintiff HOROWITZ, its Overseer. The TRBoD is a Managing Member of HOROWITZ's not-for-profit LLC companies that were illegally dissolved by LINDENBACH to exercise her extortion and theft. HOROWITZ, as TRBoD Overseer, is the exclusive rightful owner of all trademarks generated by HOROWITZ while working with LINDENBACH and the original LLCs.

39. Healing Celebrations, LLC is an Idaho Limited Liability Company, formed December 7, 2001; illegally dissolved on or about, July 12, 2011, without Plaintiff HOROWITZ's required permission, and without proper dispersal of assets by LINDENBACH and GOADE.

40. Tetrahedron, LLC, of Idaho, was Plaintiff HOROWITZ's publishing company, formed December 19, 2001, illegally dissolved by LINDENBACH on July 12, 2011; and whose converted publications were sold by LINDENBACH and GOADE illegally.

41. Healing Celebrations, LLC, was LINDENBACH's and HOROWITZ's health products company, unlawfully dissolved by LINDENBACH on July 12, 2011, without Managing Member HOROWITZ's permission; and re-formed July 22, 2011 by Defendant LINDENBACH for purposes of money laundering and cash conversion of HOROWITZ's share of properties.

42. Healthy World Distributing, LLC, of Idaho, was HOROWITZ's and LINDENBACH's partnership for distributing HOROWITZ's formulations, branded products, or copyrighted publications.

43. Healthy World Distributing, LLC, was formed December 28, 2001, from loans exclusively provided by HOROWITZ, TRBoD, and Tetrahedron, LLC, that operated HealthyWorldAffiliates.com (i.e., "the Affiliate Program" or "AP") as a limited partnership between HOROWITZ and KANE, over which accounting and chief fiduciary responsibilities, and inventory controls, were exclusively rendered by LINDENBACH and her assistant fiduciary, GOADE.

44. Healthy World Distributing, LLC, was illegally dissolved by LINDENBACH on July 12, 2011, without HOROWITZ's permission, or equitable dispersal of assets

10

required by law, for the purpose of extortion, theft, and the hostile takeover of HOROWITZ's properties.

45. Healthy World Distributing, LLC, of Idaho, was then re-formed on or about July 22, 2011, by Defendant LINDENBACH for purposes of money laundering and converting HOROWITZ's and/or his companies stolen properties into cash through HEALTHY WORLD CELEBRATIONS, LLC.

46. The Manifestation of Divine Will (TMoDW) is Defendant LINDENBACH's private real estate trust--a Washington State Corporation Sole--operating as a partner in Healing Celebrations, LLC and Healthy World Distributing, LLC. TMoDW formed from donations of money and real estate granted by HOROWITZ as per his postnuptial agreement with LINDENBACH and/or TRBoD. HOROWITZ gifted approx. $3 million in real estate to LINDENBACH and TMoDW in exchange for rights to trademarks and controlling interests over the original LLCs and their products.

**JURISDICTION AND VENUE**

47. Honolulu Circuit Court is the proper venue for this action since the aforementioned conspiracy to commit extortion, libel, public disclosure of private facts, and theft began in Honolulu at Plaintiff KANE's private Waikiki residence, and on the Big Island of Hawaii, Christmas day, 2010; and both HOROWITZ and KANE operated the Healthy World Affiliate Program, and HealthyWorldAffiliates.com from Honolulu.

48. This case involves civil and criminal torts for which, according to HRS §705-524, Honolulu Circuit Court is the proper venue for criminal conspiracy prosecutions, as this law states:

11

"For purposes of determining venue in a prosecution for criminal conspiracy, a criminal conspiracy is committed in any circuit in which the defendant enters into the conspiracy and in any circuit in which the defendant or person with whom the defendant conspires does an overt act. [L 1972, c 9, pt of §1; gen ch 1993]"

49. This Court, therefore, has jurisdiction over the matters giving rise to this Complaint that were wholly or substantially performed in Honolulu, HI; damaging to the Plaintiffs, who reside and conduct businesses in Honolulu relevant to Defendants' conspiracy.

50. The Plaintiffs' damages are ongoing, involve a criminal conspiracy, and exceed $1,000,000.00.

## BACKGROUND and GENERAL ALLEGATIONS:

### Count 1

(Conspiracy to Extort—Hawaii Revised Statues §707-764)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations.

2. Beginning January, 2011, and continuing to the date of this filing, the Defendant JACQUELINE G. LINDENBACH and co-conspirators GOADE, HAMPTON, OTT, PENN, NELSON, and others named in this Complaint, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together, and with each other, and with other individuals both known and unknown to the Plaintiffs, to extort, libel, rob, and damage the Plaintiffs emotionally and financially, by deceitful and dishonest means, for the purpose of impeding, impairing, obstructing, and defeating the lawful business practices of the Plaintiffs and their

12

companies, in order to acquire control over said companies and their inventories, thus ruining the Plaintiffs careers and livelihoods.  (EXHBITS A1; V1 AND P1)

3. The Plaintiffs allege Defendants LINDENBACH, GOADE, HAMPTON and OTT conspired to commit *extortion,* with primary accomplices STUDER, WHITE, BOUDREAU, NELSON, and ELLISON, and with complicity by PENN and OXLEY and/or PHELPS, did exert control over the property, labor, and services of the Plaintiffs, with the intent to deprive the Plaintiffs of their corporate inventories and companies and/or damage the Plaintiffs financially and emotionally, by:

a) falsely accusing the Plaintiffs of wrongful and/or illegal activities, including theft of money, property, the "Affiliate Program," and baseless allegations of sexual impropriety and tax code violations; (AUDIO EXHIBIT A1: LINDENBACH Blackmail Using Video and IRS Threats: Audio Recording 1, on or about July 7, 2011)

b) exposing secrets about Plaintiffs' relationship, sexuality, and Jewish heritage subjecting the Plaintiffs to hatred, contempt, or ridicule, to impair the Plaintiffs' credit and business repute; (VIDEO EXHIBIT V1: "Secret Blackmail Video" First Publication)

c) publishing a "secret blackmail video" sought to be concealed by the Plaintiffs who were extorted by LINDENBACH and HAMPTON using this videotape as leverage to gain monetary concessions, and a different "sex tape" that these Defendants contrived and published widely over the Internet assisted by Defendants OTT, STUDER, WHITE, and BOUDREAU (EXHIBIT V1; P2);

d) bringing about a collective action within the Plaintiffs' administrative staff, to obtain the Plaintiffs' corporate properties, and take over control of their companies through actions that included embezzlements and commercial bribery. (EXHIBITS P4-P12; P15)

13

e) complicity in the illegal dissolution of senior executive HOROWITZ's Idaho corporations on or about July 12, 2011, causing financial damages to the Plaintiffs, and their business operations in Hawaii (EXHIBIT P13-14);

f) illegally confiscating , concealing, and withholding corporate records from HOROWITZ, including Quickbooks accounting software, customer databases, and government documents certifying the existence of the Plaintiffs' companies; (EXHIBIT P4; P15)

f) libeling the Plaintiffs--acts that would not in itself substantially benefit the Defendants, but were calculated to harm substantially the Plaintiffs with respect to their health, safety, business, calling, career, financial condition, reputations, and personal relationships (EXHIBITS V1 and P1-4.);

g) harassing, libeling, slandering, and smearing Plaintiffs by e-mails, offensive phone calls, and Internet publications, compelling defensive actions to remove libel from the Internet--conduct which the Plaintiffs had a desire to avoid, and a legal right to abstain (EXHIBIT A3; V1, P3 thru P5); and

h) embezzling tens of thousands of dollars from the Plaintiffs' companies, including schemes to launder money and/or convert properties through:

   i. Healthy World Celebrations, LLC; (EXHIBITS P16 thru P18)

   ii. Secret aliases and alias business accounts (EXHIBITS P8 thru P12); and

   iii. Concealed bank account(s) for laundering money from the companies' most lucrative wholesale merchants and Affilate Program members. (EXHIBIT P11, P12, P15; P17)

14

4. Prima facie evidence of extortionate libel and theft (in EXHIBITS A1, V1, P1 through P6; P13 and P14 thru P16) documents a pattern of acts consistent with Hawaii Revised Statues §707-764 definition of extortion that states in relevant parts:

*A person commits extortion if the person does any of the following:*

*(1) Obtains, or exerts control over, the property, labor, or services of another with intent to deprive another of property, labor, or services by threatening by word or conduct to:*

*. . . (e) Accuse some person of any offense or cause a penal charge to be instituted against some person;*

*(f) Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt, or ridicule, or to impair the threatened person's credit or business repute;*

*(g) Reveal any information sought to be concealed by the person threatened or any other person;*

*(h) Testify or provide information or withhold testimony or information with respect to another's legal claim or defense;*

*. . . (j) Bring about or continue a strike, boycott, or other similar collective action, to obtain property that is not demanded or received for the benefit of the group that the defendant purports to represent;*

*(k) Destroy, conceal, remove, confiscate, or possess any . . . actual or purported government identification document, . . .; or*

*(l) Do any other act that would not in itself substantially benefit the defendant but that is calculated to harm substantially some person with respect to the threatened person's health, safety, business, calling, career, financial condition, reputation, or personal relationships;*

*(2) Intentionally compels or induces another person to engage in conduct from which another has a legal right to abstain or to abstain from conduct in which another has a legal right to engage by threatening by word or conduct to do any of the actions set forth in paragraph (1)(a) through (l); or . . .*

15

5. HRS §707-765 covers "Extortion in the first degree" pled here, while HRS §707-760 defines "extortionate means," as "any means which involves the use, or an express or implicit threat of the use, of . . . criminal means to cause harm to the person, reputation, or property of any person," as was done by LINDENBACH, GOADE, HAMPTON, OTT, STUDER, WHITE, BOUDREAU, PHELPS, OXLEY, SZYMANSKI, ICKE, JONES, DEAGLE, NICOLOFF, HILDER, NELSON, and ELLISON.(EXHIBITS A1, V1, P6; theft P7 thru P12)

6. Most obvious in this Conspiracy to Extort is LINDENBACH's audiotaped statements and written demands for the "dissolution" of HOROWITZ's interests, as cited in Exhibits A1 and P, wherein blackmail is discussed and although denying criminal activity she threatens publishing libelous materials, that she eventually did do with co-conspirators, and also threatens risks of an IRS investigation if the Plaintiffs did not hand over their companies to her, plus purchase the Plaintiffs' trademarked and otherwise rightful products, through her, exclusively from her new company (i.e., HEALTHY WORLD CELEBRATIONS, LLC)

### COUNT 2

(Conspiracy in First Degree Theft—HRS §708-839.6 (a)(b))

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations, and Count 1 paragraphs 1 through 6.

2. In March through June, 2011, unbeknownst to the Plaintiffs, LINDENBACH and

16

GOADE, with "Management Consultant" PENN, conspired to take, then took, a series of unauthorized, tortious, damaging, and illegal actions involving the misapplication of entrusted properties of the Plaintiffs' and their companies. (EXHIBITS P1, P5 and P13)

3. On June 25, 2011, four days after e-mailing Plaintiff HOROWITZ her extortion demands in the form of a "proposal," LINDENBACH began to steal his and his companies' properties. (EXHIBITS P6, P7, and P13-14.)

4. On June 25, 2011, LINDENBACH committed *identity theft in the first degree* by transmitting Plaintiff HOROWITZ's personal account access information, without his knowledge or permission by electronic means, to GoDaddy, Inc. to steal from him and the original LLCs' their main e-commerce Internet domains. (EXHIBIT P7)

5. This theft of e-commerce properties valued at more than $350,000.00 violated HRS §708-839.6 (a)(b), a commission of "theft in the first degree" as an element of extortion.

6. GoDaddy Co. records exhibited herein prove LINDENBACH illegally transferred several domains from HOROWITZ's private account, to her private account, including HealthyWorldDistributing.com and HealthyWorldStore.com. (EXHIBIT P7.)

7. Each of a half dozen stolen e-commerce properties was returned to HOROWITZ by GoDaddy's legal reviewers who worked with security officials to perform lengthy inquiries resulting in lost online sales to the Plaintiffs' companies. (EXHIBIT P7.)

8. LINDENBACH's computer crime, identity theft, and e-commerce property theft, caused the original LLCs to lose approximately $6,000 in sales when LINDENBACH's thefts caused HealthyWorldStore.com to disappear from the Internet for three days.(EXHIBIT P7)

9. More theft in the first degree by LINDENBACH, with complicity by GOADE, and inspiration by PENN, with web host, ROGER NELSON, was carried on during the months of April through June, 2011, when these co-conspirators:

a.  Took money from Healthy World Affiliates for products never shipped, closed the Affiliate Program's autoship program converting customers to Healthy World Store without permissions, and never deposited money owed into the Healthy World Affiliates bank account, or credited Healthy World Affiliates for sales. (EXHIBIT P15 [Record 13], thru P17, P24);

b. Charged the Plaintiffs on behalf of Healthy World Affiliates for products never shipped. (EXHIBIT P15 [Record 10-11 and 13];

c. Confiscated least $8,000.00 of payments due the Plaintiffs as per their contracts (EXHIBIT P15 Notices and E-mails);

d. Embezzled more than $6,000 by making unauthorized payments to GOADE and her staff falsely claimed to be "salaries" and "loans." (EXHIBITS P8 through P12; P15.)

e. Laundered approximately $9,000 in unearned "affiliate commissions" during the months of April through June, 2011 by opening and administering several alias accounts through which payments were made (EXHIBITS P8 through P12; P15.); and

f. Stole approximately $18,000 from the Plaintiffs by secretly "harvesting orphan members" in the Affiliate Program and placing them under themselves and their aliases, thereby elevating the total commissions paid mostly to themselves. (EXHIBITS P8 through P12; P15.)

18

10. Defendants GOADE and LINDENBACH conspired with NELSON to commit misapplication of entrusted property, generating commissions using aliases and unauthorized payments, recklessly damaging to the point of insolvency the financial operations of the Plaintiffs' companies. (EXHIBITS P8 through P12; P15.)

## COUNT 3

### (Racketeering Activity and Organized Crime—HRS §842)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; Count 1 paragraphs 1 through 5; and Count 2 paragraphs 1 to 9.

2. The above torts evidence "Racketeering activity," and "Organized Crime" according to HRS §842 that defines "Organized Crime" as:

> *"any combination or conspiracy to engage in criminal activity . . . to violate, aid or abet the violation of criminal laws relating to . . . extortion . . ."*

3. HRS §842 defines "Racketeering activity" as:

> *"any act or threat involving, but not limited to . . . criminal property damage, robbery, bribery, extortion, theft . . . which is chargeable as a crime under state law and punishable by imprisonment for more than one year."*

4. EXHIBITS P1 through P12, and V1, shows LINDENBACH and GOADE advancing fiduciary fraud, embezzlements, commercial bribery, extortion, and libel.

## COUNT 4

### (Money Laundering Conspiracy—HRS §708A-3 (1)(a))

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; Count 1 paragraphs 1 through 5; Count 2 paragraphs 1 to 9; and Count

19

3 paragraphs 1 through 4.

2. As per HRS §708A-3 (1)(a), LINDENBACH, GOADE, and NELSON (and later
ELLISON) laundered money since they knew their excessive salary payments and
excessive commission checks were financial properties, material proceeds, of
unlawful activities (i.e., theft and embezzlement), since they generated aliases to
conceal their personal identities to commit the crimes, and funneled more than
$10,000 into their private bank accounts and/or companies. (EXHIBITS P8 through
P12, and P15)

3. LINDENBACH, GOADE, and NELSON generated financial liabilities for the
Plaintiffs and the original LLCs, by their conversions, misapplication of entrusted
properties, embezzlements, fiduciary fraud, and money laundering, misdirecting the
Plaintiffs' companies' money by approximately $6,000 in overpayments of salaries
and commissions, plus three contract payments stolen from the Plaintiffs of
approximately $12,000; synchronous with LINDENBACH and GOADE generating
fraudulent credit card debt of $37,000 to exclusively indebt HOROWITZ. (EXHIBIT
P5, P8 through P12; P15)

4. This criminal activity violated HRS §708A-3 (1)(a), as these Defendants did
"knowingly . . . transmit, transfer, receive, or acquire the property" of the Plaintiffs
and/or the Plaintiffs companies, and conducted transactions "involving the property,
when, in fact, the property is the proceeds of specified unlawful activity," in this case
embezzlement, fiduciary fraud, and misapplication of entrusted property, all done in
support of LINDENBACH's extortion scheme to render the Plaintiffs penniless and
dependent on her and her new companies for livelihood. (EXHIBITS P12, P16-P26)

5. In violation of HRS §708A-3 (1)(a)(ii), these Defendants did know "that the
transportation, transmission, transfer, receipt, or acquisition of the property or the
transaction or transactions [was] designed in whole or in part to: (A) Conceal or

20

disguise the nature, the location, the source, the ownership, or the control of the proceeds of [the aforementioned] specified unlawful activity . . . (EXHIBITS P8 through P12, P16-P26)

6. In violation of HRS §708A-3 (1)(a)(ii),(A)(b), these defendants knew "that the property involved in the transaction is the proceeds of some form of unlawful activity," and "knowingly engage[d] in the business of conducting, directing, planning, organizing, initiating, financing, managing, supervising, or facilitating transactions involving the property that, in fact, [were] the proceeds of specified unlawful activity. . . . (EXHIBITS P8 through P12, P16-P26)

7. In violation of HRS §708A-3 (1)(a)(ii);(A)(b)(ii) these Defendants did "[c]onceal or disguise the nature, the location, the source, the ownership, or the control of property believed to be the proceeds of specified unlawful activity," in this case writing unauthorized commission checks to alias accounts generated to conceal or disguise the nature, source, ownership and control of the money due the Plaintiffs, but embezzled by these Defendants (evidenced by audits and cancelled checks in EXHIBITS P8 through P12, P16-P26).


## Count 5

(Conspiracy to Falsify Business Records—HRS §708-872 (1)(a)(b) and (c))

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; Count 1 paragraphs 1 through 5; Count 2 paragraphs 1 to 9; Count 3 paragraphs 1 through 3; and Count 4, paragraphs 1 to 7.

2. Defendants LINDENBACH, GOADE, AND NELSON, falsified business records in violation of HRS §708-872 (1)(a)(b) and (c) by:

    a) creating aliases in company records of Healthy World Distributing, LLC,

21

and the HealthyWorldAffiliates.com Program, including the QUICKBOOKS
accounting database used to administer commission checks, to conceal or disguise
the true nature, source, ownership, and control of the money; (EXHIBIT P8 through
P12, P17, P19 through P25)

b) altering, erasing, obliterating, deleting, removing, or destroying the true
entries of registered affiliates, to withhold their payments, as reported by Robert
Andrades, a staff member who worked with GOADE and LINDENBACH (EXHIBIT
P8 through P12, P15 [Records 10 and 13]; and P24.

c) omitted true entries in the business records of Healthy World Distributing,
LLC, and Healthy World Affiliates.com, in violation of duties, which Defendants
GOADE, NELSON and LINDENBACH knew to be imposed upon them by the nature
of their fiduciary and administrative positions.(EXHIBIT P8 through P12, P15
[Records 10 and 13]; and P24.


## Count 6

(Conspiracy to Commit Misapplication of Entrusted Property—HRS §708-874)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory
Allegations; and paragraphs in Counts 1 through 5, above.

2. LINDENBACH and GOADE broke contracts between the original LLCs and the
by withholding KANE's commission checks of nearly $2,000 for May and June,
2011, and the ministry's contracted disbursement of approximately $10,000, for the
same months. (EXHIBIT P15, Record 10B and 11)

3. This breach of contract, fiduciary violation, and theft was a *misapplication of
entrusted property* as criminally defined in HRS §708-874.

4. This misapplication of entrusted property was done to exclusively enrich

22

LINDENBACH, GOADE, NELSON, and their staff. (EXHIBIT P 8 through 12; P15.)

5. Defendants LINDENBACH and GOADE's most damaging violations of §708-874 involved their conspiracy to generate cash from misapplication of entrusted properties to:

      a. fund new companies after LINDENBACH's illegal dissolution of the original LLCs without Plaintiffs' knowledge or HOROWITZ's required consent (EXHIBIT P16); and

      b. bring extortionate financial pressures to bear on Plaintiffs (EXHIBIT A1, V1 and P6 and P15);

6. LINDENBACH and GOADE converted the original LLCs' product inventories by confiscating/stealing these properties to advance a hostile takeover of the companies, and freeze out of the Plaintiffs. (EXHIBIT P1-2, P5, P15 and P16)

7. These Defendants' misapplication of entrusted property included all the companies' computer accounting systems and entire (Quickbooks) customer data base. (EXHIBIT P15)

8. These Defendants then disposed of the properties they stole by several illegal means including:

      i. False advertising as per HRS §708-871 (EXHIBIT P32 through P34);

      ii. Telemarketing fraud as per HRS §708-835.6 (EXHIBIT P27 and P34);

      iii. Removal of identification marks as per HRS §708-838 (EXHIBIT P29, P32, and P34);

iv. Unlawful possession violations as per HRS §708-839 (EXHIBIT P29, P32, and P34);

v. Deceptive business practices as per HRS §708-870 (e). (Sells or offers or exposes for sale mislabeled commodities. EXHIBIT P29, P32, and P34);

vi. Appropriation of Plaintiff HOROWITZ's name and/or likeness (EXHIBIT P32, P35); and

vii. Invasion of privacy and "Public Disclosure of Private Facts" to libel Plaintiffs, damage their business repute, and generate unfair competition. (EXHIBIT V1, A1, and P2)

## Count 7

(Conspiracy to Commit Commercial Bribery in the Hostile Take-over
of the Plaintiffs' Companies—HRS §708-880(1)(b)(i).)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; And all paragraphs in Counts 1 through 6, above.

2. In May and June, 2011, LINDENBACH and GOADE directed substantial overpayments to staff, in both base salaries and affiliate commissions, using many aliases. (EXHIBIT P5, P8 through 12)

3. When caught in this *commercial bribery* LINDENBACH defended this misapplication of entrusted property (i.e., embezzlement) by falsely claiming the unearned payments were "loans" generated without HOROWITZ's knowledge or consent, or any paperwork bearing the required signatures of the companies' managing members.

24

4. Once this commercial bribery (fiduciary fraud and theft) was discovered, it was obvious to the Plaintiffs they had become victims of a *hostile takeover* of the original LLCs, and a *freeze out* of management by LINDENBACH and GOADE.

5. On June 30, 2011, staff worker Danielle Roth explained her double salary payments, but not her excessive commissions, in an e-mail to the Plaintiffs. (EXHIBIT P5)

6. Roth admitted that her double salary payments, plus ridiculously high commission checks, were paid by order of LINDENBACH directing GOADE, "in case something were to happen with the bank accounts. To where they would be frozen or no funds." (EXHIBIT P5)

7. According to Roth's written admissions, LINDENBACH conspired with GOADE to provide this false information to the general staff, which is best explained as commercial bribery as defined in HRS §708-880(1)(a)(i), that states:

> *(1) A person commits the offense of commercial bribery if:*
>
> *(a) He confers or offers or agrees to confer, directly or indirectly, any benefit upon:*
>
> *(i) An agent with intent to influence the agent to act contrary to a duty to which, as an agent, he is subject; . . .*

8. GOADE and the staff of Healthy World Distributing, LLC, (HWD) had a duty to conduct administrative and fiduciary business on behalf of the Plaintiffs.

9. LINDENBACH and GOADE conspired to acquire, or otherwise dissolve HWD, and bribed the staff to accommodate their commercial takeover, breaches of contracts and duties. (EXHIBITS P1, P5)

25

10. Defendants GOADE and LINDENBACH's commercial bribery was done to secure staff support and loyalty during the extortion and misapplication of entrusted properties. (EXHIBIT P5)

11. This commercial bribery was done so staff would not object to the illegal actions of GOADE and LINDENBACH, including money laundering through the sale of stolen good through LINDENBACH's new company—HEALTHY WORLD CELEBRATIONS, LLC. (EXHIBIT P5 through P8)

12. LINDENBACH lied to staff that HOROWITZ was going to close the companies' bank accounts exclusively administered by LINDENBACH and GOADE. (EXHIBIT P5)

13. LINDENBACH compelled the takeover, freeze-out, and suspension of the companies' bank accounts, but lied to staff by claiming the Plaintiffs were suspected of a pending closure of the accounts.

### Count 8
(LINDENBACH's Illegal Dissolution of the Plaintiffs' Companies--§842-2, Ownership or operation of business by certain persons prohibited; Racketeering prohibited-- HRS §842-2(1))

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 7, above.

2. On or about July 12, 2011, LINDENBACH illegally dissolved the original LLCs, aided and abetted by the co-defendants.

3. The illegal dissolution of the Plaintiffs' companies involved thwarting, distracting, or otherwise compromising the Plaintiffs ability to act in defense of their companies,

26

businesses, and reputations. (EXHIBITS P2, P13 through P15 )

4.  The LINDENBACH, PENN, and GOADE corporate takeover conspiracy involved organized crime and racketeering orchestrated by LINDENBACH through criminal solicitations of GOADE, HAMPTON, OTT, ELLISON, MELAMPY, MOORE, QUICK, and FINNEY, each of whom aided and abetted the illegal corporate takeover scheme.

5. The above named Defendants acted as accomplices in extortion, racketeering, and organized crime by:

    a. misapplication of entrusted properties (inventories) in Idaho, Utah, and Michigan.

    b. persuasion and coercion by defamation and libel of the Plaintiffs.

    c. causing the Plaintiffs' loss of income and financial distress.

6. LINDENBACH, GOADE and NELSON made certain the illegal dissolution of the original LLCs, was accompanied by the near complete destruction of the Plaintiffs' main source of livelihood, the Affiliate Program (AP). (EXHIBIT P8 through P15)

7. The illegal dissolution was also a breach of contract involving the AP, that operated under contract with LINDENBACH and GOADE and the member corporations, paying the Healthy World Distributing, LLC (HWD), a 15% surcharge on products sold through AP to benefit the investor companies, employees (e.g., GOADE), and managing members (e.g., LINDENBACH).(EXHIBIT P15 and P21)

8. By illegally dissolving the corporations and AP, LINDENBACH and GOADE attempted to get away with their embezzlements of approximately $10,000.00 from the AP, and $12,000 more owed KANE and HOROWITZ's ministry by contract. (EXHIBITS P8 through P15)

9. By illegally dissolving the corporations and AP, LINDENBACH and GOADE defaulted on their contracts after directing KANE to make a payment of $12,869.68 to Healthy World Distributing, LLC, that she made on or about June 15, 2011, leaving KANE and HOROWITZ nearly insolvent. (EXHIBIT P15)

10. By illegally dissolving the corporations, LINDENBACH and GOADE attempted to get away with fraudulent use of Plaintiff HOROWITZ's credit card, indebting him approximately $37,000.00 for inventory that these Defendants premeditatedly stockpiled for confiscation with the illegal dissolution that occurred without equitable dispersion of assets.(EXHIBIT P35)

11. The illegal dissolution of the LLCs enabled an organized crime and money laundering scheme that was secured by LINDENBACH and GOADE's inventory conversions (i.e., misapplication of entrusted property) to HEALTHY WORLD CELEBRATIONS, LLC. (EXHIBIT P15 through P17, P37).

12. Money made as a result of the illegal dissolution of the LLCs, the illegal advertising, and illegal sales, through the new HEALTHY WORLD CELEBRATIONS, LLC, was used to sustain LINDENBACH's extortion and freeze out of the Plaintiffs, commercial bribery of staff, and the co-conspirators' enterprises including NELSON (owner of THE BLUE GRID) and GOADE'S start-up accounting firm, Rhonda R. McGahn On-Line Bookkeeping Services, (hosted by THE BLUE GRID) with offices at the same address as the original LLCs. (EXHIBIT P12.)

13. Immediately following the illegal dissolution of the original LLCs, LINDENBACH's and GOADE's inventory conversions, sales, and money laundering through HEALTH WORLD CELEBRATIONS, LLC, funded ELLISON's development of HEALTHYWORLDCELEBRATIONS.com through MAKE THE WEB, 303 INDUSTRIES, and SOFTLAYER, INC. (EXHIBITS P31, P34 and P37)

28

14. Synchronous with the illegal dissolution of the LLCs, on July 11, 2011, LINDENBACH used money made from the sale of misapplication of entrusted property to file for several trademarks on products that HOROWITZ was contracted to owner rights to, including: Liquid Dentist, PrimOLife, ElectrOEnzymes, GI Flora Pro, ZeoLife, LoveMinerals, OxyAdvantage, and Green Harvest. (EXHIBIT P38)

15. The simultaneous dissolutions and trademark applications is prima facie evidence of scienter in thievery, in violation of the Plaintiffs' business history, post-nuptial agreements, corporate contracts and supportive documents; in violation of HRS §708-830.5 (Theft), HRS §708-872 (1)(a)(c) (falsifying business records); and HRS §708-874 (1)(2)(3) (misapplication of entrusted property).

16. LINDENBACH claimed her dissolution of the LLCs was justified, without any material evidence or reasonable rationale, by HOROWITZ and KANE operating somehow "outside the structure of the organization," which was a ridiculous contention given that LINDENBACH administered all the inventory, sales accounting, and directed all banking deposits made by the Plaintiffs since they began their limited partnership in HealthyWorldAffiliates.com and the AP. (EXHIBITS A1, P5, P6, P13, P19, P21)

17. Prior to dissolving the LLCs, and as rationale for doing so, LINDENBACH falsely claimed the Plaintiffs had "stolen the Affiliate Program (AP)" from her; whereas substantive material evidence proves otherwise--she, GOADE and NELSON substantially destroyed the AP program that was entrusted to their administration and financial direction. (EXHIBITS  P8 through P12, P15, P21, P28 through P31.)

18. Synchronous with the illegal dissolutions, on or about July 12, 2011, LINDENBACH formed her new company—HEALTHY WORLD CELEBRATIONS, LLC, to substitute for, and later compete with, the Plaintiffs' companies. (EXHIBIT P16(

19. The Plaintiffs were compelled to reestablish the LLCs at great cost when they learned of the illegal dissolution of their companies by LINDENBACH.

20. By dissolving the original LLCs, LINDENBACH severely damaged HOROWITZ's quarter century of work building those companies, beginning with Tetrahedron, Inc. / Tetrahedron, LLC.

21. By illegally dissolving the LLCs, LINDENBACH severely damaged the Plaintiffs' prospective business advantage in the companies, including two years of intensive labor growing the Affiliate Program and HealthyWorldAffilates.com under Healthy World Distributing, LLC, as well as marketing HealthyWorldStore.com that provided LINDENBACH and GOADE's primary livelihood. (EXHIBIT P40 through P42)

22. LINDENBACH is liable for damages and breaches of contracts resulting from her illegal dissolution of the original LLCs as per HRS §702-228  (Liability of persons acting). (EXHIBITS P40 through P42)

23. LINDENBACHs unilateral dissolution of the original LLCs makes her liable under HRS §702-228 to pay for KANE's losses of $160,000.00 (i.e., $80,000.00 per year for two years, 2009-2011), for services rendered under contracts and in good faith. (EXHIBITS P40 through P42)

24.  LINDENBACH, GOADE, NELSON and ELLISON are liable for the Plaintiffs' damages from their racketeering activity having received embezzled money, and used that money, and money from sales of stolen inventory, to establish their new enterprises, The Blue Grid, Rhonda R. McGahn Bookeeping Service, and HEALTHY WORLD CELEBRATIONS, LLC. as HRS §842-2 states: "It shall be unlawful:

30

*(1) For any person who has received any income derived, directly or indirectly, from a racketeering activity or through collection of an unlawful debt, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in the acquisition of any interest in, or the establishment or operation of, any enterprise. . . ."*

25.  The financial damages from the illegal dissolution of the original LLCs by LINDENBACH, and the Plaintiffs' resulting losses, are conservatively estimated to be at least $1,000,000.00.

### Count 9
(LINDENBACH's Private Extortion –HRS §707-764)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 8, above.

2. Prima facie evidence of LINDENBACH's personal extortion of the Plaintiffs is recorded in Audio Exhibit A1, supplemented by her written "Dissolution Proposal" (Exhibit P6) by which she sought to acquire complete control over HealthyWorldStore.com after systematically destroying the Plaintiffs Healthy World Affiliate Program through organized crime and hostile takeover. (EXHIBITS P6 through P12)

3. LINDENBACH's personal extortion consisted of threatening:
   a. an IRS audit,
   b. the release of a "sex tape," and
   c. the release of a "secret blackmail video."

31

4. LINDENBACH threatened the aforementioned libel and IRS risk if HOROWITZ and KANE did not become slaves to her commercial reorganization, and concede to transfer ownership of the LLCs to her, and thereafter purchase HOROWITZ's books, CDs, DVDs, and his branded health products through her exclusively at a wholesale discount customary provided anyone off the street. (EXHIBITS A1 and P6, P15 [Record 12])

5. In her June 25, 2011, e-mail to HOROWITZ, through early July, 2011, LINDENBACH repeatedly charged, verbally and in e-mails, that the Plaintiffs were misrepresenting their personal expenses, and risking the companies' audit by the IRS. (EXHIBIT P15 [Record 3A])

6. This was patently absurd since the Plaintiffs' combined personal expenses were less than $3,000 in 2010, a miniscule sum reflecting their near poverty-level discretionary earnings while trying to build HealthyWorldAffiliates.com. (EXHIBIT P15 [Record 3A])

7. KANE noted many mistakes in LINDENBACH's accounting for tax filings that unreasonably escalated the Plaintiffs' alleged tax liability. (EXHIBIT P15 [Record 3A])

8. KANE's determinations discredited and angered LINDENBACH greatly, but did not deter her from increasing harassments by phone and e-mails to advance her personal extortion. (EXHIBIT P15)

9. Beginning in mid-June, increasing in July, and peaking in August, LINDENBACH extortionately libeled the Plaintiffs to pressure them to submit to her will to control the companies, customers' minds, and sales.

10. LINDENBACH directed extensive libel and a personal defamation campaign

during this time to damage the Plaintiffs careers and business repute, (materially evidenced by e-mails, affidavits, and content of published Internet libel citing exclusively LINDENBACH's fraudulent allegation that the Plaintiffs stole her Affiliate Program. See EXHIBITS P2 through P4 and P30.)

11. Thus, LINDENBACH cannot righteously claim a defense against charges of extortion, theft, and libel as her actions are materially evidenced and done consciously for personal enrichment.

### Count 10
Malfeasance and Liability of Persons Acting and Withholding Required Inspection of Records by Members of Corporations – HRS §414D-302
(required inspection of records by members)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 9, above.

2. Between January and December, 2011, LINDENBACH and GOADE consistently concealed the companies' financial records from the Plaintiffs, who had repeatedly requested examinations of "the books," including Quickbooks accounting software required to reconcile all business accounts and contact customers.(EXHIBIT P15)

3. LINDENBACH and GOADE withheld required inspections of records by the Plaintiffs because:

    a. the records would evidence how LINDENBACH and GOADE, as the Plaintiffs' exclusive fiduciaries, with NELSON's complicity, damaged the Plaintiffs by:

        i. embezzling thousands of dollars from HealthyWorldAffiliates.com sales;

33

ii. withholding payments due of more approximately $12,000.00 in May and June, 2011;

iii. falsely entering into their business records, for the purpose of embezzling thousands of dollars, names of persons and aliases not entitled to receive commissions and/or salaries, that these Defendants concealed from the Plaintiffs;

iv. showing one or more bank accounts that were used to launder money unbeknownst to the Plaintiffs;

b. the QUICKBOOKS software evidenced the co-defendant fiduciaries' administration of all deposits and withdraws in all the original LLCs bank accounts, directing inventory levels for all the companies including the AP, and reflected on KANE's orders to make timely deposits into accounts exclusively designated by LINDENBACH and GOADE;

c. under these terms and conditions, the Plaintiffs opened and operated the AP bank account in California, with the full knowledge and consent of LINDENBACH and GOADE for nearly two years between October, 2009, and July, 2011.

4. Between March and June, 2011, LINDENBACH and GOADE repeatedly neglected the Plaintiffs' urgent requests to provide KANE and HOROWITZ with access to the companies' Quickbooks accounting software--files containing all customer contact information. (EXHIBIT 15, Records 4, 5, 8, 9, 11 and 12 that lays out LINDENBACH's takeover plan, including exclusively retaining Quickbooks illegally.)

5. In planning the hostile takeover of the companies since at least March, 2011, LINDENBACH and GOADE determined to withhold the customer contacts and business database to exert unfair competition against the Plaintiffs.(EXHIBIT 15,

34

Records 4, 5, 8, 9, 11 and 12)

6. The withholding of records accommodated LINDENBACH and GOADE's intentional, knowing, and reckless falsifications of the records (in violation of HRS §702-228--Liability of persons acting, and HRS §414D-302--required inspection of records by members), to steal property and money from the Plaintiffs.

7. Theft in the first degree (in violation of HRS §708-830.5, as averred in Count 2, and evidenced by excessive salary and commission checks paid to staff and numerous aliases would be exposed unless these Defendants withheld the records from the Plaintiffs and the courts. (EXHIBIT P7 through P12)

<u>**Count 11**</u>

(Conspiracy with multiple criminal objectives—HRS §705-520/522)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 10, above.

2. Between March and September, 2011, Defendant LINDENBACH led a conspiracy with multiple criminal objectives, engaging her co-defendants in activities generating damages and liabilities as per HRS §705-522.

3. At any time between March and June, 2011, Defendant LINDENBACH could have negotiated equitable remedies for her concerns; including an equitable dispersion of assets of the original LLCs, taking into consideration all aspects of the corporate structures, operating agreements, and post-nuptial agreement provisions, but she intentionally, knowingly, and recklessly neglected this responsibility, and violated her administrative and fiduciary duties to lead a criminal conspiracy to ruin

35

the Plaintiffs' businesses and business repute instead.

4. LINDENBACH attempted to claim a "choice of evils" defense (as in HRS §703-302) in advancing her conspiracy to commit multiple crimes with GOADE, NELSON, HAMPTON, OTT, ELLISON and the other co-defendants, including extortion (EXHIBIT A1, P6, P15 Record 12), blackmail (EXHIBIT V1), libel (EXHIBITS P2 through P4, P29 and 30, theft, (EXHIBITS P7 through P12) misapplication of entrusted property, money laundering, fiduciary fraud and embezzlements, and falsifying and concealing business records, unfair competition, and deceptive trade practices, all done intentionally, knowingly, and recklessly to damage the Plaintiffs optimally.

5. LINDENBACH cannot claim that she was unaware of laws prohibiting her actions and conspiracy to commit multiple crimes, as HOROWITZ noticed her, and discussed with her several times, her initial criminal violations beginning, June 25, 2011, through August, 2011. (EXHIBIT P7, P15)

6. LINDENBACH cannot claim excusable neglect or negligence to defend her leadership in a conspiracy to commit these multiple crimes, as in the "reasonable man standard" in HRS §703-300.

7. According to the Supreme Court of Hawaii:

> "[t]he whole matter, with all of its ramifications is to be weighed by the court and the jury in the same manner as in any criminal proceeding. If the defendant's conduct was not necessary, if one evil was not greater than the other, if the defendant exceeded the reasonable bounds of intelligence and morality, the defendant may be convicted for the defendant's conduct notwithstanding the defendant's attempts to justify the defendant's actions."

8. LINDENBACH's conspiracy to commit multiple crimes includes the following violations, involve the parties cited below under Counts 12 thru 40:

36

**Count 12**

(Fraudulent use of a credit card-- HRS §708-8100(1)(c))

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 11, above.

2. To maximize their theft, in anticipation of their confiscation and conversion of all the inventory they could possible steal, Defendants GOADE and LINDENBACH made *fraudulent use of a credit card* that exclusively indebted Plaintiff HOROWITZ more than $37,000.00 in violation of HRS §708-8100(1)(c). (EXHIBIT P37)

3. Approximately $20,000 in unlawful credit card debt was paid to DON WOLF and his companies UNIVERSAL HEALTH RESEARCH & EDUATION, and/or BRILLIANT HEALTH CO. for converted properties used to conduct unfair competition and money laundering with WOLF's knowledge and consent.

4. According to this statute, fraudulent use of a credit card is committed by:

> *"(1) A person . . . if with intent to defraud . . . another person or organization providing money, goods, services, or anything else of value, or . . . (c)   Uses or attempts or conspires to use a credit card number without the consent of the cardholder for the purpose of obtaining money, goods, services, or anything else of value."*

4. Prima facie evidence of intent to defraud is exhibited in several ways in this Complaint, beginning with LINDENBACH's audio admissions (EXHIBIT A1), video libel regarding the Affiliate Program (EXHIBIT V1), fiduciary fraud and identity theft, claiming to GoDaddy company that she, LINDENBACH, was HOROWITZ to commit two counts of misapplication of entrusted property—the fraudulent transfer of HOROWITZ corporate domains into her private account for extortion leverage, in her words, "safe keeping." (EXHIBIT A1; P15 Records 1 and 2)

37

5. Malicious and criminal intent is also demonstrated by LINDENBACH's confiscation HOROWITZ's personal properties, and his trademarked products, and her immediate conversion of these assets in a money laundering conspiracy involving GOADE, ELLISON and other defendants complicit in the deceptive business practices of HEALTHY WORLD CELEBRATIONS, LLC. (See corporation dissolution, formation, and unfair trade EXHIBITS P9 thru P11.)

6. Malicious intent to damage the Plaintiffs and defraud customers of the original LLCs is evidenced by Defendants LINDENBACH and GOADE's robbery of the Plaintiffs companies, money, Quickbooks accounting records and customers, inventoried properties, livelihoods, good reputations, and happiness.

7. DON WOLF's products purchased through LINDENBACH's and GOADE's fraudulent use of HOROWITZ's credit card were sold by LINDENBACH, GOADE and ELLISON using false advertising, deceptive business practices, and money laundering through HEALTHY WORLD CELEBRATIONS, LLC. (EXHIBITS P31 through P37)

### Count 13

(False advertising--HRS §708-871)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 12, above.

2. LINDENBACH and GOADE misrepresented their hostile takeover and criminal conspiracy to damage Plaintiffs financially and emotionally as a "Management Split" in advertisements mailed to customers. (EXHIBIT P32)

3. The co-conspirators' false advertisements and mail fraud abused illegally obtained company records, including Quickbooks and Excel databases, that were criminally withheld from the Plaintiffs to take unfair business advantage over them by soliciting their customers. (EXHIBIT P31, P32, Records 1 and 2; P33 through

4. LINDENBACH, GOADE and ELLISON falsely advertised, with knowledge, intent, recklessness and complicity to deceive customers of the original LLCS, and the general public, using the Internet (EXHIBIT P34 and 35), telephone (EXHIBIT P27), and U.S. Postal Service (EXHIBIT P32), to misrepresent Plaintiff HOROWITZ's endorsement of the hostile takeover, advertised as a "Management Split," (EXHIBIT P32) along with large unprecedented discounts of HOROWITZ's books, CDs, DVDs, and health product seized following the illegal dissolution of the companies, then sold to deceived customers. (EXHIBITS P31 and P32)

5. These Defendants' fraud included misrepresentations and omissions that LINDENBACH's marriage or divorce to and from HOROWITZ had precipitated the special "Management Split" sale, when, in fact, the couple had split in 2008, and divorced in late 2009/early 2010, more than 18 months before the Defendants' hostile takeover actions and this false advertising.

6. LINDENBACH defrauded HOROWITZ's customers, business contractors, and police investigators, falsely claiming her thefts were civil matters of "community properties" left from her marriage, not corporate properties reflecting the true criminal nature of her actions.

7. In Facebook Internet advertising, LINDENBACH misrepresented her divorce from HOROWITZ was caused by KANE, a "younger woman," stealing his affections, whereas LINDENBACH and HOROWITZ agreed to separate in 2008--a year *before* HOROWITZ met KANE.

8. LINDENBACH had intimate relations with another man in Hawaii in 2008, a caretaker on HOROWITZ's estate after the couple had separated, but not divorced, according to knowledge and belief.

9. LINDENBACH and GOADE falsely advertised that LINDENBACH "was the one doing ALL the behind-the-scenes work since the beginning! . . . " when, in fact, LINDENBACH had retired in September, 2009, from all but accounting and fiduciary duties, leaving "ALL the behind-the-scenes" administration in Idaho and California to Defendant GOADE, Plaintiff KANE, and their paid staff. (EXHIBITS P32 and P35)

10. LINDENBACH and GOADE, with ELLISON's complicity in Internet advertising, knowingly, willfully, and recklessly issued misleading advertisements, implying they were authorized to sell "ALL Horowitz books and DVDs," discounted up to 60%, with HOROWITZ's knowledge and endorsement, when HOROWITZ had not known of, or endorsed, this organized money laundering scheme. (EXHIBITS P31, 32 and P35)

11. GOADE and ELLISON knew, or should have known, that their advertisements were false since HOROWITZ informed ELLISON repeatedly about this, and GOADE was complicit in LINDENBACH's extortion and libel of the Plaintiffs; plus was LINDENBACH's accomplice in the *freeze out* of the Plaintiffs and *hostile takeover* of their companies (as per Count 7, paragraph 7 in violation of HRS §708-880(1)(a)(i)). (EXHIBIT P39)

12. Since August, 2011, these Defendants have enriched themselves by fraudulently soliciting approximately 30,000 customers of the original LLCs, committing mail fraud, and *telemarketing fraud* also (as per Count 14, in violation of HRS §708-835.6. (EXHIBITS 31 through 35)

13. LINDENBACH, GOADE, and ELLISON have violated HRS §708-871 that states:

*(1) A person commits the offense of false advertising if, in connection with the promotion of the sale of property or services, the person knowingly or recklessly makes or causes to be made a false or misleading statement in any advertisement addressed to the public or to a substantial number of persons.*

12. Ongoing since August, 2011, LINDENBACH, GOADE and ELLISON have enriched themselves by false advertising, and conducting deceptive and unfair trade, that has damaged the Plaintiffs financially, and caused them severe psychological distress.

### Count 14

(Telemarketing fraud--HRS §708-835.6)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 13, above.

2. Beginning in July, 2011, LINDENBACH and GOADE misrepresented their hostile takeover and criminal conspiracy as legitimate business in telemarketing campaigns soliciting customers of the original LLCs using stolen Quickbooks computer records illegally withheld from the Plaintiffs. (EXHIBIT P27)

3. Defendants LINDENBACH and GOADE, in connection with their unlawfully obtained confiscated records and inventory owned by the Plaintiffs, promoted by telephone the sale of these products, intentionally defrauding customers in violation of HRS [§708-835.6]. (EXHIBIT P27)

4. LINDENBACH and GOADE violated HRS [§708-835.6] that states:

*(1) A person commits the offense of telemarketing fraud if, with intent to defraud or misrepresent, that person obtains or attempts to obtain the transfer of possession, control, or ownership of the property of another through communications conducted*

41

*at least in part by telephone and involving direct or implied claims that the person contacted:*

　　*(a) Will or is about to receive anything of value; . . .*

*(2) Telemarketing fraud is a class B felony. In addition, any property used or intended for use in the commission of, attempt to commit, or conspiracy to commit telemarketing fraud, or that facilitated or assisted this activity, shall be forfeited subject to chapter 712A.*

5. LINDENBACH and GOADE enriched themselves, together with ELLISON and WOLF, by telemarketing fraud (EXHIBIT P27), false advertising (EXHIBIT P32 through P34), unlawful possessions and deceptive business practices (EXHIBIT P32), unfair trade (EXHIBIT P31) and money laundering through HEALTHY WORLD CELEBRATIONS, LLC. (EXHIBIT P16)

6. LINDENBACH and/or GOADE committed telemarketing fraud between July 12, 2011, and the present, using confiscated company records that included customers' telephone numbers recorded in Quickbooks and Excel data bases, criminally concealed by these Defendants to take unfair business advantage over the Plaintiffs. (EXHIBIT P15 and P17)

7. LINDENBACH and GOADE most heavily damaged the Plaintiffs by illegally soliciting the original LLC's most lucrative business accounts—the large volume "wholesale customers"—whose contact information was intentionally withheld from the Plaintiffs to inflict unfair competition and the most financial damage upon the Plaintiffs. (EXHIBIT P17)

8. These Defendants' fraudulent telemarketing operations generated illegal sales that were concealed from the Plaintiffs even *before* the illegal dissolution of the LLCs had occurred. (EXHIBIT P17)

9. These Defendants' telemarketing fraud generated illegal sales processed by LINDENBACH and/or GOADE, using a separate secret bank account (only recently

discovered by the Plaintiffs) used exclusively to process telephone sales according to evidence, knowledge, and belief. (EXHIBIT P17)

10. The secret bank account is evidenced by sales made to concealed large wholesale accounts, identified by "click-n-ship" product shipments that failed to generate deposits into any of bank accounts known to the Plaintiffs established to process sales through Quickbooks, Authorize.net, and Intuit merchant services traditionally serving the original LLCs, and the Affiliate Program. (EXHIBIT P17)

11. Disregarding these wholesale accounts and secret banking portal used by LINDENBACH and GOADE to administer telemarketing fraud, projected losses to the Plaintiffs' companies regular operations are at least $330,000.00 in gross sales from July, 2011 to July, 2012.

## Count 15
(Removal of identification marks-- HRS §708-838)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 14, above.

2. LINDENBACH and GOADE removed identification marks from HOROWITZ's products' labels to conceal frank violations of his copyrights and trademarks. (EXHIBITS P32, P33, and P38)

3. LINDENBACH and GOADE retained the majority of label designs and identification marks on HOROWITZ's products to deceive customers, creating confusion in the marketplace, to steal sales from HOROWITZ's loyal customers who believed they were supporting HOROWITZ through their purchases. (EXHIBITS P32 through P35)

43

4. LINDENBACH and GOADE removed identification marks from HOROWITZ's labels to obscure their crimes of theft, conversion, misapplication of entrusted property, and laundering of money generated from sales of these unlawful possessions through LINDENBACH's new illegal enterprise, HEALTHY WORLD CELEBRATIONS, LLC. (EXHIBITS P27, P31 through P34)

5. Upon Plaintiff HOROWITZ protesting the unauthorized use of his name, likeness, and product labels bearing his name, likeness, or trademarked "Perfect Circle of Sound" logo, LINDENBACH and GOADE conspired with ELLISON to remove HOROWITZ's identification marks from labels and advertisements, in violation of HRS §708-838; creating unlawful credit card debt requiring HOROWITZ to pay for these products criminally sold to unsuspecting consumers. (EXHIBITS P32 thru 35)

6. LINDENBACH, GOADE and ELLISON knowingly, intentionally, and recklessly concealed HOROWITZ's ownership of the property, copyrights to his books, CDs, DVDs, intellectual properties, and authored texts, on labels and the Internet, by defacing, erasing, or otherwise altering HOROWITZ's photograph and/or trademarked logo branding these products.

7. These Defendants did the above with intent to rob HOROWITZ of his work, his worth, and his physical and intellectual properties, and steal from his companies more than $30,000.00 in products they illegally mislabeled. (EXHIBIT P25; and P32 thru 37)

8. LINDENBACH and GOADE's *unlawful possessions* of HOROWITZ's, and/or the original LLCs' properties, were sold at grossly discounted prices to exclusively enriched these Defendants, and optimally damage the Plaintiffs, in violation of HRS §708-839(1) and (2). (EXHIBIT P31 through P34)

9. LINDENBACH, GOADE and ELLISON, with knowledge and intent to defraud customers and damage the Plaintiffs, sold their mislabeled products, laundering the proceeds of their illegal activities through HEALTHY WORLD CELEBRATIONS,

44

LLC, MAKE THE WEB, and 303 Industries that operated
HEALTHYWORLDCELEBRATIONS.com. (EXHIBIT P25, P27, P31 through P34)

10. Knowing they had violated laws in acquiring and selling this merchandise, these
Defendants erased, altered, changed, or removed identification marks on the labels
for the purpose of changing the identity of the items, so that customers would be
defrauded at the Plaintiffs' expense. (EXHIBIT P32)

11. As shown in EXHIBIT P32, the Defendants' unlawful possessions that they
mislabeled to criminally profit included:

> a. Liquid Dentist;
>
> b. OxySilver;
>
> c. OxyAdvantage;
>
> d. LOVEMinerals;
>
> e. PrimOLife;
>
> f. ZeoLife; and
>
> g. GI Flora Pro

12. In violation of Deceptive business practices statute, HRS §708-870 (e), these
Defendants sold and offered to sell, and expose or advertised for sale, mislabeled
commodities. (EXHIBIT P32 through P34)

## Count 16
(Deceptive business practices -- HRS §708-870)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory

45

Allegations; and all paragraphs in Count 1 through Count 15, above.

2. LINDENBACH, GOADE and ELLISON conspired to deceive customers and operate businesses illegally by selling products in which identification marks on HOROWITZ's labels were altered in efforts to defraud customers and evade copyright and/or trademark restrictions. (EXHIBIT P32 through P34, P38)

3. Upon Plaintiff HOROWITZ protesting the Defendants' deceptive business practices and thievery, LINDENBACH, WOLF, GOADE and ELLISON conspired to disregard HOROWITZ's Cease and Desist Notices, and violate HRS §708-838 and HRS §708-870 as their remedy. (EXHIBIT P15 and P39)

4. LINDENBACH, GOADE, WOLF and ELLISON knowingly, intentionally, and recklessly misrepresented HOROWITZ's products and earlier endorsements. (EXHIBIT P32 through P34, and P39)

5. These defendants concealed HOROWITZ's victimization by their unlawful possessions and sales of properties this Plaintiff rightfully owned as per contracts, copyrights, intellectual property rights, and text advertisements authored by HOROWITZ that he published on labels and on the Internet. (EXHIBIT P14, P32 through P34, and P39)

6. For criminal enrichment these Defendants defaced, erased, or otherwise altered HOROWITZ's photograph, and/or trademarked logo, branding these products with the intent to rob HOROWITZ and his companies of more than $30,000.00 in stolen and mislabeled inventories. (EXHIBIT P14, P32 through P34, and P39)

7. LINDENBACH and GOADE's *unlawful possession* of HOROWITZ's (original LLCs' properties), and WOLF's misapplication of entrusted labels and HOROWITZ's co-formulation(s), exclusively enriched them and ELLISON, and exclusively damaged the Plaintiffs in violation of HRS §708-839(1) and (2).

46

8. LINDENBACH, GOADE, WOLF, and ELLISON, with knowledge and intent to defraud customers and damage the Plaintiffs, sold mislabeled products to enrich themselves through HEALTHY WORLD CELEBRATIONS, LLC, 303 INDUSTRIES, MAKE THE WEB company, SOFTLAYER, INC., 1&1 CO., and HEALTHYWORLDCELEBRATIONS.com, known by these Defendants to have been engaging in unfair and deceptive trade practices, selling illegally acquired and misbranded inventory. (EXHIBIT P14, P15, P32 through P34, and P39)

9. These Defendants violated deceptive trade statutes with scienter, knowing they were engaging in unfair trade and deceptive advertising of stolen properties bearing labels that LINDENBACH, GOADE and ELLISON had altered for the purpose of deceiving and supplying unwitting customers at the Plaintiffs' expense. (EXHIBIT P14, P24, P32 through P34, and P39)

10. The Defendants' mislabeled products are cited above in Count 15, paragraph 11.

11. LINDENBACH, GOADE, WOLF, and ELLISON's *deceptive business practices* included the manufacturing, sale, or offers to sell, the aforementioned mislabeled commodities that they illegally acquired, deceptively mislabeled, and unlawfully possessed. (EXHIBIT P14, P24, P32 through P34, and P39)

12. LINDENBACH, GOADE, WOLF and ELLISON damaged the Plaintiffs, and cashed in on their *appropriation of Plaintiff HOROWITZ's name or likeness*, advertising the confiscated/converted and/or mislabeled merchandise of "Dr. Len Horowitz" for sale at "special discounts" without his consent in violation of contracts and fair trade laws. (EXHIBIT P14, P24, P27, P31 through P34, and P39)

13. Defendants LINDENBACH, GOADE, WOLF, and ELLISON, in connection with false and misleading advertising, knowingly and/or recklessly implied their legal right to sell, and Plaintiff HOROWITZ's authorization to sell, stolen properties converted without contractual obligations or just compensation paid to HOROWITZ.

47

14. Defendants LINDENBACH, GOADE, WOLF, and ELLISON, in connection with these illegal sales, knowingly, intentionally, and/or recklessly misrepresented Plaintiff HOROWITZ's endorsement, knowing the inventory was illegally obtained under protests by the rightful owner of these properties. (EXHIBIT P14, P24, P27, P31 through P34, and P39)

15. Defendants LINDENBACH, GOADE, WOLF, and ELLISON, in connection with their false advertising and illegal sales of HOROWITZ's, KANE's, and/or the original LLCs' properties, knowingly and/or recklessly misrepresented their right to sell the Plaintiffs' products knowing they were doing so contrary to HOROWITZ objections and laws regulating fair trade. (EXHIBIT P14, P24, P27, P31 through P34, and P39)

16. These Defendants knew that HOROWITZ had not authorized:

   a. the dissolution of the original LLCs;

   b. the confiscation/conversion of the LLCs' inventories;

   c. sale of the converted products through HEALTHY WORLD CELEBRATIONS, LLC, 303 INDUSTRIES, SOFTLAYER INC., and HEALTHYWORLDCELEBRATIONS.COM;

   d. the use of HOROWITZ's name, likeness, and/or trademarks in their advertisements, and

   e. solicitations by these Defendants misrepresenting "Dr. Len Horowitz" endorsements of illegally traded commercial inventories.


### Count 17

(Unlawful possession -- HRS §708-839)


1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 16, above.

48

2. Defendants LINDENBACH and GOADE acquired the Plaintiffs' properties, publications and health products, unlawfully by illegally dissolving the original LLCs. (EXHIBIT P13 through P15)

3. Defendants LINDENBACH and GOADE converted the Plaintiffs property unlawfully, for money laundering purposes, after illegally dissolving the original LLCs. (EXHIBIT P13 through P15, and P16, P24 and P25)

4. Defendants LINDENBACH, GOADE, and ELLISON, representing MAKE THE WEB, 303 INDUSTRIES, HEALTHY WORLD CELEBRATIONS, LLC, HEALTHYWORLDCELEBRATIONS.COM, and SOFTLAYER, INC., and benefiting WOLF, altered the trademarks and/or identification marks on Plaintiff HOROWITZ's properties, and/or knew trademarks and identification marks on said properties had been altered unlawfully, to secure unlawful possessions and place them in trade. (EXHIBIT P 27, P31 through P35, P39)

5. These Defendants conducted deceptive advertising campaigns, and sold their unlawful possessions illegally using false advertising to launder money through new companies--HEALTHY WORLD CELEBRATIONS, LLC, and its online store, HEALTHYWORLDCELEBRATIONS.COM, and 303 INDUSTRIES established by ELLISON to accommodate LINDENBACH's and GOADE's hostile takeover and money laundering scheme. (EXHIBIT P 27, P31 through P35, P39)

6. Defendants LINDENBACH, GOADE, ELLISON, MAKE THE WEB, 303 INDUSTRIES, and/or SOFTLAYER, INC., misrepresented Plaintiff HOROWITZ's affiliation with, and implied endorsement of, HEALTHY WORLD CELEBRATIONS, LLC, and its online store, HEALTHYWORLDCELEBRATIONS.COM, in order to sell unlawful possessions. (EXHIBIT P 27, P31 through P35, P39)

49

7. LINDENBACH, GOADE, ELLISON, MAKE THE WEB, 303 INDUSTRIES, and SOFTLAYER, INC., knew the identification marks were altered to confuse customers of HOROWITZ's products, but conducted illegal advertising and sales of unlawful possessions through deceptive business practices anyway. (EXHIBIT P27, P31 through P35, P39)

8. LINDENBACH, GOADE, WOLF, ELLISON, MAKE THE WEB, and 303 INDUSTRIES, through SOFTLAYER, INC., with SOFTLAYER, INC. officials' knowledge and consent, used unlawful possessions (including labels and altered labels) to confuse customers and damage the Plaintiffs' repute and livelihood. (EXHIBIT P35)

9. These Defendants caused Plaintiffs severe psychological distress, health problems, and financial damage by withholding the companies' Quickbooks accounting records including customer contacts to criminally solicit customers, concealing from customers that they were purchasing stolen property(ies), and damaging the Plaintiffs through their purchases. (EXHIBIT P43)

10. LINDENBACH, GOADE, WOLF, ELLISON, MAKE THE WEB, and 303 INDUSTRIES, HEALTHY WORLD CELEBRATIONS, LLC, and HEALTHYWORLDCELEBRATIONS.COM, through SOFTLAYER, INC., with SOFTLAYER, INC.'s knowledge and consent, used unlawful possessions to misrepresent Plaintiff HOROWITZ's affiliation with, and implied endorsement of, HEALTHY WORLD CELEBRATIONS, LLC, and its online store, HEALTHYWORLDCELEBRATIONS.COM. (EXHIBIT P32 through P34 and P35)

11. These Defendants misrepresented Plaintiff HOROWITZ's affiliation with, and implied endorsement of, the sale of unlawful possessions to fund illegal enterprises and launder money using deceptive business practices so that customers remained unaware they were purchasing stolen property, and damaging the Plaintiffs

50

financially and emotionally. (EXHIBIT P32 through P34 and P35)

12. In violation of unlawful possession statute, HRS §708-839, through their manufacture and sale of mislabeled commodities, these Defendants damaged the Plaintiffs' and/or their companies financially approximately $30,000.00 monthly beginning August, 2011.

### Count 18

(False Light in the Public Eye --
*Fergerstrom v. Hawaiian Ocean View Estates*, 441 P.2d 141 (Haw. 1968))

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 17, above.

2. The right of privacy includes the right to prevent the appropriation of the Plaintiffs' identities for commercial purposes.

3. Defendants LINDENBACH, GOADE, WOLF, ELLISON, HAMPTON and OTT violated this right when, without the Plaintiffs' permissions, they used aspects of the Plaintiffs' identities or persona in such a way that the Plaintiffs were identifiable from Defendants' uses, and Defendants' uses caused severe damage to the Plaintiffs' peace of mind and dignity, with resulting injury measured by the plaintiffs' mental or physical distress(es) and related financial damages. (See: *McCarthy's Desk Encyclopeida of Intellectual Property*, Rights of Publicity and Privacy at § 5:60, West, a Thomson business press; Thompson Reuters, 2011.

4. In 1968, the Hawaii Supreme Court recognized the common law cause of action for invasion of a right of privacy where a defendant uses the plaintiff's name or picture without permission in advertising the defendant's product. (Fergerstrom v. Hawaiian Ocean View Estates, 50 Haw. 374 (1968).)

51

5. In Fergerstrom v. Hawaiian Ocean View Estates (1968), the defendant used plaintiffs' name and likeness in sales brochures, advertisements in publications, and in television commercials, without the prior knowledge or consent of the plaintiff. The court ruled that protection is available for appropriation of name or picture for commercial purposes.

6. LINDENBACH, GOADE, WOLF, and ELLISON used Plaintiff HOROWITZ's name, trademark, and/or photograph on labels and mislabeled products, and in HEALTHYWORLDCELEBRATIONS.COM, and HEALTHY WORLD CELEBRATIONS, LLC, advertisements published on the Internet by MAKETHEWEB.com, 303INDUSTRIES.com and SOFTLAYER.com. (EXHIBIT 32 through P35, P38 and P39)

7. This invasion of privacy caused HOROWITZ severe psychological distress, and financial damages from unlawful sales generated by this invasion of privacy exclusively profiting these Defendants. (See Affidavit of LEONARD G. HOROWITZ accompanying this Compliant.)

8. Estimated sales generated by this false light abuse of HOROWITZ's name, likeness, and implied endorsement, exceeds $100,000.00 between August, 2011 and December, 2011, with Defendants LINDENBACH, GOADE, WOLF and ELLISON equally responsible for the commission of this crime.

## Count 19

### (Mail Fraud -- 18 U.S.C. 1341)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 18, above.

52

2. 18 U.S.C. 1341, makes it a Federal crime or offense for anyone to use the United States mails in carrying out a scheme to defraud.

3. 18 U.S.C. 1341, *asserts that "a person can be found guilty of that offense only if:*
A) That the person knowingly and willfully devised a scheme to defraud, or for obtaining money or property by means of false pretenses, representations or promises; and

B) That the person used the United States Postal Service by mailing, or by causing to be mailed, some matter or thing for the purpose of executing the scheme to defraud.

4. Defendants LINDENBACH and GOADE conspired to use the U.S. Postal Service to knowingly, intentionally, and/or recklessly, mail false and misleading advertisements abusing HOROWITZ's name, likeness, and inferred endorsement, to misrepresent the doctor's consent to their solicitations, misrepresentation of a "management split" versus a highly objectionable and criminal "hostile takeover." (EXHIBITS P27, P31 and P32)

5. Defendants LINDENBACH and GOADE conspired to use the U.S. Postal Service to sell stolen/converted properties of original LLCs and the Plaintiffs, knowingly and/or recklessly implying their legal right to sell these products without contractual obligations or just compensation paid to HOROWITZ and/or KANE. (EXHIBITS P27, P31 and P32)

6. Defendants LINDENBACH and GOADE knowingly, intentionally, and/or recklessly neglected Plaintiff HOROWITZ's notice to cease and desist abusing the U.S. Postal Service to solicit his customers to purchase illegally obtained properties of the doctor, KANE, and/or their companies, evidencing scienter in the crime of mail fraud. (EXHIBITS P27, P31 and P32)

7. Defendants LINDENBACH, GOADE and NELSON generated mailing lists from illegally confiscated and withheld company software (i.e., Quickbooks), concealed from the Plaintiffs, with complicity by FINNEY in violation of three discovery requests, to commit mail fraud. (EXHIBITS P27, P31 and P32)

8. In their commission of mail fraud, these Defendants used the U.S. Postal Service to misrepresented "Dr. Len Horowitz" endorsements of the sale of his health products through the Defendants' new entities, along with the sale of his published materials, the sale of his copyrighted writings, the sale of his intellectual properties, and/or the sale of his trademarked labels and companies' products, all against his material objections. (EXHIBITS P27, P31 through P32, and P38)

## Count 20

(Breach of Fiduciary Duty in Conspiracy to Extort – Violation of Idaho Statutes 18-1906; 18-2403; and 18-4809; and Hawaii Statutes HRS §514B-106; HRS §707-764)

1. The Plaintiffs re-allege and incorporate paragraphs 1 to 32 of the Introductory Allegations; and all paragraphs in Count 1 through Count 19, above.

2. Laws in Hawaii and Idaho provide that in the performance of their duties, officers and members of companies, in this case the original LLCs, owe a fiduciary duty to the association, company, and its members, and are required to exercise the degree of care and loyalty required of every other officer or director of a corporation organized under Hawaiian and/or Idaho laws.

3. Defendants LINDENBACH, GOADE and NELSON owed the Plaintiffs a fiduciary duty and duty of loyalty to act in the best interests of the original LLCs, and not in the best interests of themselves, and/or LINDENBACH's newly formed HEALTHY WORLD CELEBRATIONS, LLC. (EXHIBIT P16)

54

4. Defendants LINDENBACH, GOADE and NELSON breached their fiduciary and loyalty duties damaging the Plaintiffs' business repute and livelihoods causing the Plaintiffs health problems and severe psychological distress. (EXHIBIT P43)

Manner and Means

5. In June, 2011, LINDENBACH began e-mailing HOROWITZ a series of bitter and irrational attacks against KANE, the Plaintiffs' marketing efforts, and LINDENBACH's extremely inflated "personal expense" records compiled for tax reporting. (EXHIBIT P15)

6. LINDENBACH, an acquaintance of OTT's through mutual friend, Ingri Cassel-Harkins, promoted OTT's political views and publications, circulated OTT's libel against the Plaintiffs, defended OTT against the Plaintiffs' efforts to investigate him for the murder of Harkins, and blamed KANE mostly for generating OTT's libelous attacks against HOROWITZ, that LINDENBACH claimed damaged the companies' profits. (EXHIBIT P30)

7. LINDENBACH blamed HOROWITZ and KANE for OTT's libelous attacks circulating on the Internet since 2007, long *before* HOROWITZ met KANE in 2009. (EXHIBIT P30)

8. On June 10, 2011, LINDENBACH's e-mail defended this fake doctor, "TRUE OTT," as did LINDENBACH's friend and HOROWITZ's estate manager, ROXANNE JOAN HAMPTON, in December, 2010, during a private discussion with KANE and HOROWITZ. (EXHIBIT P30)

9. KANE and HOROWITZ considered OTT a murder suspect shortly before Christmas, 2010, when HAMPTON defended OTT's reports on "The Gem Stone Files" that KANE and HOROWITZ argued were fraudulent.

55

10. During Christmas vacation, 2010, LINDENBACH met with HOROWITZ, HAMPTON and KANE in Hawaii and discussed OTT and his libel.

11. LINDENBACH conflicted with KANE at this time and befriended HAMPTON, claiming HOROWITZ and KANE had "stole the Affiliate Program" from her along with "the children's inheritance."(EXHIBIT P15 and P30)

12. A few months later, in June and July, 2011, LINDENBACH, HAMPTON and OTT, conspired to libel the Plaintiffs to express personal vendettas, petty jealousies, and gain financially through competing companies. (Prima facie video evidence of this conspiracy in V1, A1 and P2 through P4)

13. LINDENBACH's June 10th (2011) letter discouraged the Plaintiffs' investigation into the alleged murder of HOROWITZ's friend and fellow journalist, Don Harkins, who investigative journalist Edward Harle concluded was likely murdered in a conspiracy involving OTT's collaborator, Don Nicoloff—previously working with HOROWITZ in Tetrahedron, LLC's music business. (EXHIBIT P30)

14. HOROWITZ warned LINDENBACH and HAMPTON that OTT, and his co-conspirators in libel, WHITE, STUDER, OXLEY and/or PHELPS, SZYMANSKI, ICKE, JONES, DEAGLE, NICOLOFF, and BOUDREAU, were linked to organized crime, White supremacy, and a suspected child-trafficking network, according to public knowledge from many (third party) published reports on the Internet.

15. Rejecting HOROWITZ's warnings about OTT, on June 17, 2011, LINDENBACH contacted HOROWITZ via another e-mail labeled "Horrorwitz – Whore," directing the Plaintiffs to malicious libel posted by OTT's primary publicist, BOUDREAU (a.k.a., "KEN ADACHI"), an avid publisher of OTT's White Supremacist and anti-Jewish propaganda. (EXHIBIT P2 through P4)

56

16. During this week of June 20, 2011, LINDENBACH extorted the Plaintiffs by phone and e-mail to concede to her demands to exclusively acquire the companies, falsely claiming the she and the Plaintiffs were risking an IRS audit, and more libel, if they did not accept her fraudulent accounting of the Plaintiffs' "personal expenses." (EXHIBIT P6 and P15)

17. On or about June 23, 2011 LINDENBACH e-mailed a "draft of contract for separating corporate structure" that called for the dissolution of the original LLCs, leaving HOROWITZ and KANE financially devastated and commercially enslaved to LINDENBACH and GOADE. (EXHIBIT P6)

18. On June 25, 2011, HOROWITZ replied to LINDENBACH's "Gross Negligence and Apparent Malice in Accounting 'Personal Expenses,'" objecting to her fraudulent, extortionate, and threatening mail and accounting methods. (EXHIBIT P15)

19. HOROWITZ wrote, therein, to KANE and GOADE, about LINDENBACH's obvious malice: "You will notice there are 17 obvious mistakes that Jackie made among 57 line items. That is nearly 1/3 of Jackie's data has been falsified. That is an OUTRAGEOUSLY HIGH percentage of errors, not attributable to excusable mistake or neglect." (EXHIBIT P15)

20. LINDENBACH falsely claimed, and protested unreasonably, the Plaintiffs' personal expenses for 2010 were "more than $8,000.00"--a miniscule amount for two adults running companies grossing approximately a half-million dollars annually—but even that low number was **grossly inflated**.

21. KANE's audit of the "more than $8,000.00" showed one of LINDENBACH's line items, falsely claimed to be the Plaintiffs "personal expense," was a $6,400.00

check that paid for LINDENBACH's apartment in California where she performed fiduciary functions, and her children resided most of the year of 2010.

22. As chief fiduciary, accounting for the original LLCs' expenses, LINDENBACH knew, or should have known, that this $6,400 alleged "personal expense" of the Plaintiffs', was in fact LINDENBACH's own legitimate business expense paid by KANE and HOROWITZ from their HealthyWorldAffiliates.com bank account as per all the parties' knowledge, consent, and corporate contracts.

23. As chief fiduciary, accounting for the original LLCs' expenses, LINDENBACH knew, or should have known, that the Plaintiffs drew near poverty level earnings between September 2009, and July, 2011, while funding their new business venture, HealthyWorldAffiliates.com.

24. As chief fiduciary, accounting for the original LLCs' expenses, LINDENBACH knew, or should have known, the Plaintiffs labored incessantly, in a failing economy, to advance their start-up company that LINDENBACH consistently complained about, despite its grossing approximately $20,000 monthly during the three month period preceding her June-July extortion and hostile takeover period, and more than 10% of this money provided benefits to her and her children directly.

25. LINDENBACH also neglected approximately $160,000.00 in services rendered by KANE, and even more of the Plaintiffs' combined works, that benefited HEALTHY WORLD DISTRIBUTING, LLC, LINDENBACH and her children between September 2009, and July, 2011. (EXHIBITS P40 through P42)

26. As chief fiduciary, accounting for the original LLCs' expenses and inventories, LINDENBACH absolutely knew the original LLCs were under contract to supply all the products and fulfillment services to the Plaintiffs start-up company, HealthyWorldAffiliates.com, that monthly records show benefited her financially.

58

(EXHIBIT P21)

27. As chief fiduciary, LINDENBACH knew that HealthyWorldAffiliates.com operated by agreements under Healthy World Distributing, LLC, to benefit and profit the companies, their missions and employees. (EXHIBITS, P14, P21, P40 through P42)

28. As chief fiduciary, accounting for the original LLCs' expenses, LINDENBACH knew, or should have known by monitoring, directing, and auditing KANE's and GOADE's monthly payments of Affiliate Program compensations, salaries and commissions, that GOADE was overpaying the Healthy World Distributing, LLC staff. (EXHIBITS P8 through P12)

29. As chief fiduciary, accounting for the original LLCs' expenses, LINDENBACH knew, or should have known, that GOADE and NELSON were embezzling money. (EXHIBITS P8 through P12)

30. As chief fiduciary, accounting for the original LLCs' expenses, LINDENBACH knew, or should have known, GOADE and NELSON had fraudulently altered the Affiliate Program's business records to embezzle funds, siphoning thousands of dollars into their own pockets, financially burdening the companies. (EXHIBITS P8 through P12)

31. As chief fiduciary, accounting for the original LLCs' expenses, LINDENBACH directed GOADE to deprive the Plaintiffs of their money in June, 2011, while enriching NELSON, GOADE, and their office staff criminally. (EXHIBIT P15)

32. As chief fiduciary auditing GOADE's payments of staff salaries and affiliate commission checks, LINDENBACH knew, or should have known, GOADE and NELSON established an independent bookkeeping company-- **Rhonda R. McGahn**

59

**On-Line Bookkeeping Services**--operating secretly within the original LLCs, using an invalid address "217 Cedar St Sandpoint, ID," without the Plaintiffs knowledge or consent. (EXHIBIT P12)

33. As chief fiduciary, accounting for the original LLCs' expenses, LINDENBACH defended the aforementioned excessive payments of staff salaries and affiliate commission checks as "loans," including excessive payments to non-existing persons (i.e., aliases and alias accounts) used to conceal the true identities of GOADE, NELSON, and their office staff for purposes of embezzlement. (EXHIBITS P8 through P12)

34. LINDENBACH, GOADE and NELSON are, therefore, accountable for the unauthorized "loans"—really money laundering (as per HRS §708A-3(1)(a)(ii)(A)); falsifying business records (as per §708-872 (1)(a)(c); misapplication of entrusted property (as per HRS §708-874 (1)(2)(3)); commercial bribery (as per §708-880 (1)(a)(i); and embezzlements or theft in the first degree (as per HRS §708-830.5(1)(a)). (EXHIBITS P8 through P12)

35. As chief fiduciary, accounting for the original LLCs' expenses, LINDENBACH's commercial bribery, involving GOADE and the entire Idaho office and staff; siphoning tens of thousands of dollars out of the Affiliate Program to destroy the Plaintiffs' start-up company, then misappropriating more than $60,000 in entrusted inventory, evidences extortionate theft in violation of HRS §707-764(j); to bring about a collective action by LINDENBACH and GOADE to obtain the Plaintiffs' property, not demanded or received for the benefit of the group (that is, the office staff) that the defendant purported to represent, but to exclusively enrich LINDENBACH mostly, and GOADE secondarily, through the formation of their new money laundering company, HEALTHY WORLD CELEBRATIONS, LLC. (EXHIBITS P8 through P12; P16, P17)