IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ, and SHERRI KANE,<br><br>            Plaintiffs,<br>            pro se<br><br>    vs.<br><br>JACQUELINE G. LINDENBACH; RHONDA GOADE; HEALTHY WORLD CELEBRATIONS, LLC; ROXANNE HAMPTON; SHERYLE SULTAN (aka SATIVA JONES); ALMA C. OTT (aka A. TRUE OTT); JOAN OTT; MOTHER EARTH MINERALS, INC.; ALEX MCGOWIN STUDER; TIMOTHY PATRICK WHITE, PETER J. BOUDREAU (aka KEN ADACHI); CRAIG OXLEY; ERIC JON PHELPS; MICROAIDE, INC.; DON NICOLOFF; GREG SZYMANSKI; DAVID ICKE; BILL DEAGLE; ALEX JONES; ANTHONY J. HILDER; MESISSA ELLEN PENN; DON WOLF (aka FRANK DEARBORN), UNIVERSAL HEALTH RESEARCH & EDUCATION, TODD ELLISON, MAKETHEWEB.COM; 1&1 INC; SOFTLAYER TECHNOLOGIES, INC; DANA M. HERBERHOLZ; ZARIAN, MIDGLEY & JOHNSON, PLLC; IAN CLARK; ACTIVATION PRODUCTS, INC; and JOHN A. FINNEY; FINNEY FINNEY & FINNEY, PA.; John Does 1- 100.<br><br>                    Defendants. | CIVIL NO. 12-1-0670-03  (PWB)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**TABLE OF CONTENTS**

I.     INTRODUCTION .................................................. 1

II.    LEGAL STANDARD FOR PERSONAL JURISDICTION ...................... 2

III.   FACTUAL BACKGROUND: JONES DOES NOT HAVE ANY CONTACTS
       WITH THE STATE OF HAWAII ...................................... 3

IV.    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER
       JONES ......................................................... 4

       A.   There Is No General Personal Jurisdiction Over
            Jones .................................................... 4

       B.   There Is No Specific Personal Jurisdiction Over
            Jones .................................................... 4

            1.   Plaintiffs do not allege that Jones engaged in
                 any conduct which would justify this Court's
                 exercise of specific personal jurisdiction
                 under Hawaii's long arm statute. ................... 4

            2.   Regardless, the exercise of specific personal
                 jurisdiction over Jones would violate
                 constitutional due process. ........................ 6

       C.   Allegations Of "Publishing" Information On The
            Internet Are Insufficient To Establish Personal
            Jurisdiction ............................................. 6

       D.   Allegations Of Participating In A Conspiracy Are
            Insufficient To Establish Personal Jurisdiction .......... 7

V.     CONCLUSION .................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**

Burger King Corp. v. Rudzewicz,
  471 U.S. 462 (1985) ........................................ 3

Calder v. Jones,
  465 U.S. 783 (1984) ........................................ 7

Cybersell, Inc. v. Cybersell, Inc.,
  130 F.3d 414 (9th Cir. 1997) ............................... 7

In re Doe,
  83 Hawai'i 367, 926 P.2d 1290 (1996) .................... 4, 6

International Shoe Co. v. Wash.,
  326 U.S. 310 (1945) ........................................ 2

Kailieha v. Hayes,
  56 Haw. 306, 536 P.2d 568 (1975) ........................... 2

Karsten Mfg. Corp. v. U.S. Golf Ass'n,
  728 F.Supp. 1429 (D.Ariz. 1990) ............................ 7

Schwarzenegger v. Fred Martin Motor Co.,
  374 F.3d 797 (9th Cir. 2004) ............................... 3

Shaw v. N. Am. Title Co.,
  76 Hawaii 323, 876 P.2d 1291 (1994) ........................ 3

**Statutes**

Haw. Rev. Stat. § 634-35 ................................. 2, 3
Haw. Rev. Stat. § 634-35(a) ................................ 5

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

This Court should dismiss Plaintiffs LEONARD G. HOROWITZ and SHERRI KANE's ("Plaintiffs") Complaint for Conspiracy in the Commission of Identity Theft, Extortion, Libel, Public Disclosure of Private Facts, Invasion of Privacy, Computer Crime, Unfair Trade, Deceptive Business Practices and Organized Crime in Violation of the Sherman Anti-Trust Act, filed March 13, 2012 ("Complaint") in its entirety as to Defendant ALEX JONES ("Jones") because this Court does not have personal jurisdiction over Jones.

Jones is a resident of the State of Texas where he lives and works as a radio talk show host. There is no personal jurisdiction over Jones for this action in a Hawaii court because: (1) Jones does not have <u>any</u> contacts - let alone "continuous and systematic" contacts - with Hawaii that would give the Court general personal jurisdiction over him; and (2) exercise of specific personal jurisdiction over Jones <u>would not</u> comport with constitutional due process because Jones did not purposefully direct his alleged activities at the State of Hawaii.

## II. LEGAL STANDARD FOR PERSONAL JURISDICTION

Hawaii's long arm statute extends the jurisdiction of Hawaii courts to nonresident defendants who: (1) transact any business within the State; (2) commit a tortious act within the State; (3) own, use, or possess any real estate situated in the State; or (4) contract to insure any person, property, or risk located within the State at the time of contracting.  Haw. Rev. Stat. § 634-35.  If a nonresident defendant's conduct satisfies the statute, Hawaii courts can only exercise jurisdiction over that defendant if doing so would comport with constitutional principles of due process.  Kailieha v. Hayes, 56 Haw. 306, 307, 536 P.2d 568, 569 (1975).

Constitutional due process requires that a nonresident defendant have "minimum contacts" with Hawaii.  See id.; see also International Shoe Co. v. Wash., 326 U.S. 310, 316 (1945) (discussing how constitutional due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'")(citation omitted).  "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of

2

its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (emphasis added).

When "personal jurisdiction is at issue, '[Hawaii courts] look to the allegations of the complaint to determine jurisdiction.'" Shaw v. N. Am. Title Co., 76 Hawaii 323, 326, 876 P.2d 1291, 1294 (1994). The Court should grant Jones' Motion to dismiss unless Plaintiffs can show that: (1) Jones' alleged activities fall into a category specified by Hawaii's long-arm statute (Haw. Rev. Stat. § 634-35); and (2) the application of Haw. Rev. Stat. § 634-35 comports with due process. Id. at 327, 1295.

Plaintiffs have the burden of establishing personal jurisdiction over a nonresident defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

### III. FACTUAL BACKGROUND: JONES DOES NOT HAVE ANY CONTACTS WITH THE STATE OF HAWAII[2]

Jones resides in Texas where he works as a radio talk show host. Jones' radio show is not broadcast in Hawaii. He has never lived in Hawaii; and, in fact, Jones has never even visited Hawaii. Jones does not transact any business in Hawaii. He does not have any media broadcast affiliates in Hawaii, and

---

[2] Each of the facts contained in this section is taken from the Declaration of Alex Jones, which is attached to this Motion as an Exhibit. The original Declaration will be filed prior to the hearing.

he does not have any business contacts in Hawaii. Jones does not own any corporate, partnership, or limited liability entity that is registered to do business or which does business in Hawaii. Jones does not own any corporate, partnership, or limited liability entity that has any offices in Hawaii. Finally, Jones does not own any real property located in Hawaii.

## IV. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER JONES

### A. There Is No General Personal Jurisdiction Over Jones

Jones does not have "continuous and systematic contacts" with the State of Hawaii that are required for this Court to exercise general personal jurisdiction over Jones. In re Doe, 83 Hawai'i 367, 374, 926 P.2d 1290, 1297 (1996). As outlined above, Jones lives and works in Texas, and has no business dealings or contacts with the State of Hawaii. Accordingly, the requirement of continuous and systematic contacts with Hawaii is clearly not met here, meaning this Court does not have general personal jurisdiction over Jones. See id.

### B. There Is No Specific Personal Jurisdiction Over Jones

1. Plaintiffs do not allege that Jones engaged in any conduct which would justify this Court's exercise of specific personal jurisdiction under Hawaii's long arm statute.

This Court does not have specific personal jurisdiction over Jones because Jones did not commit any act which would warrant the exercise of personal jurisdiction under

4

Hawaii's long arm statute.  See Haw. Rev. Stat. § 634-35(a) (stating that (1) "The transaction of any business within this State; (2) The commission of a tortious act within this State; (3) The ownership, use, or possession of any real estate situated in this State; [or] (4) Contracting to insure any person, property, or risk located within this State at the time of contracting" submits nonresident defendants to the jurisdiction of Hawaii courts).

First, Plaintiffs' Complaint does not contain any allegation that Jones transacted any business within Hawaii. Second, Plaintiffs' Complaint does not contain any allegation that Jones owns any real estate located in Hawaii.  Third, Plaintiffs' Complaint does not contain any allegation that Jones contracted to insure any person, property, or risk located within Hawaii at the time of contracting.

Finally, Plaintiffs' Complaint does not contain any allegation that Jones committed a tortious act *within* Hawaii. Plaintiffs allege tort claims against Jones that appear to be based on three things:  allegedly broadcasting certain information on his radio show; allegedly publishing certain information on the internet; and allegedly participating in a "conspiracy."  However, none Jones's alleged acts took place in Hawaii.  Accordingly, this Court does not have specific personal jurisdiction over Jones under Hawaii's long arm statute.

5

2. <u>Regardless, the exercise of specific personal jurisdiction over Jones would violate constitutional due process.</u>

Assuming, *arguendo,* that Plaintiffs' Complaint did sufficiently allege that Jones "commi[tted] a tortious act within this State," this Court <u>does not</u> have specific personal jurisdiction over Jones because the exercise of such jurisdiction would not comport with constitutional due process. See In re Doe, 83 Hawai'i at 374, 926 P.2d at 1297 (discussing requirement that "nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or a resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws").

Here, Jones did not *purposefully* direct any of his alleged activities towards Hawaii. Jones' radio show is broadcast in Texas, and does not even reach Hawaii. Accordingly, this Court cannot exercise specific personal jurisdiction over Jones because doing so would violate Jones' constitutional due process.

**C. Allegations Of "Publishing" Information On The Internet Are Insufficient To Establish Personal Jurisdiction**

Plaintiffs' allegations that Jones published information on the internet do not provide any grounds to

exercise specific personal jurisdiction over Jones. Although the internet is accessible in Hawaii, "publishing" information or other passive website activity does not constitute "purposeful availment" as required to satisfy constitutional due process - even though the internet is accessible in Hawaii. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (9th Cir. 1997) (discussing how creating a website, posting information on a website, or other passive internet activity does not constitute purposeful availment towards each state that it is accessible in).

### D. Allegations Of Participating In A Conspiracy Are Insufficient To Establish Personal Jurisdiction

Finally, Jones' alleged participation in a "conspiracy" with other defendants over whom the Court may have personal jurisdiction does not confer specific personal jurisdiction over Jones. See Karsten Mfg. Corp. v. U.S. Golf Ass'n, 728 F.Supp. 1429 (D.Ariz. 1990) (rejecting plaintiff's assertion that personal jurisdiction over alleged co-conspirators may be acquired vicariously through forum related conduct of other co-conspirator); see also Calder v. Jones, 465 U.S. 783, 790 (1984) (holding that to determine jurisdiction, an individual's connection with a forum state must be examined independently).

**V.   CONCLUSION**

This Court does not have general or specific personal jurisdiction over Jones.  Accordingly, Jones respectfully asks this Court to grant Jones' Motion to dismiss in its entirety.

DATED:  Honolulu, Hawaii, April 23, 2012.

_____
MARK J. BENNETT
BRANDI J. BUEHN

Attorneys for Defendant
ALEX JONES, Specially
Appearing to Contest Jurisdiction
and not Generally Appearing