# MINUTE ORDER

```
CASE NUMBER:      CV 12-00205 HG-BMK

CASE NAME:        Leonard G. Horowitz; Sherri Kane v.
                  Jacqueline G. Lindenbach; Rhonda Goade;
                  Healthy World Celebrations, LLC; Roxanne
                  Hampton; Sheryle Sultan (aka Sativa
                  Jones); Alma C. Ott (aka A. True Ott);
                  Joan Ott; Mother Earth Minerals, Inc.;
                  Alex McGowin Studer; Timothy Patrick
                  White; Peter J. Boudreau (aka Ken
                  Adachi); Craig Oxley; Eric Jon Phelps;
                  Microaide, Inc.; Don Nicoloff; Greg
                  Szymanski; David Icke; Bill Deagle; Alex
                  Jones; Anthony J. Hilder; Mesissa Ellen
                  Penn; Don Wolf (aka Frank Dearborn);
                  Universal Health Research & Education;
                  Todd Ellison; Maketheweb.com; 1&1 Inc.;
                  Softlayer Technologies, Inc.; Dana M.
                  Herberholz; Zarian, Midgley & Johnson,
                  PLLC; Ian Clark; Activation Products,
                  Inc.; John A. Finney; Finney Finney &
                  Finney, PA; John DOES 1-100.

ATTYS FOR PLA:    Leonard G. Horowitz, pro se

                  Sherri Kane, pro se

ATTYS FOR DEFT:   Patricia M. NaPier, Esq. and Randall C.
                  Whattoff, Esq., representing Defendant
                  Softlayer Technologies, Inc.


                  Gerald H. Kurashima, Esq., representing
                  Defendants Jacqueline G. Lindenbach; Dana
                  M. Herberholz; Zarian, Midgley & Johnson,
                  PLLC; John A. Finney; Finney, Finney &
                  Finney, PA; Healthy World Celebrations,
                  LLC


                  Brandi J. Buehn, Esq. and Mark J.
                  Bennett, Esq., representing Defendant
                  Alex Jones
```

```
JUDGE:   Helen Gillmor

DATE:    June 7, 2012
```
---

On May 14, 2012, the Plaintiffs moved to strike Count 19 of the Complaint, for mail fraud in violation of 18 U.S.C. § 1341, and remand the action to Hawaii state court. (Doc. 19). The remaining 39 Counts/causes of action in the Complaint are all based on state law.

On May 17, 2012, the Court issued a Minute Order granting the Defendants until May 31, 2012 to file any objections to this action being remanded to Hawaii state court.

On May 31, 2012, Defendant Softlayer Technologies, Inc. ("Defendant") filed a Response to the Court's May 17, 2012 Minute Order and Request that the Court Retain Jurisdiction. (Doc. 24).  The Defendant requests that the Court exercise supplemental jurisdiction over the 39 remaining state-law based claims in the Complaint pursuant to 28 U.S.C. § 1367(c)(3).  Defendant Softlayer Technologies, Inc. argues that supplemental jurisdiction is appropriate because it has filed a Motion to Dismiss.

**I.   The Court Declines to Exercise Supplemental Jurisdiction**

Federal courts have discretion to exercise supplemental jurisdiction over state-law claims even though the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  When deciding whether to exercise supplemental jurisdiction, courts consider "judicial economy, convenience and fairness to litigants," and comity with state courts. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  If these factors "are not present a federal court should hesitate to exercise jurisdiction over state claims . . . ." Id.

When all federal claims are dismissed before trial, federal courts normally decline to exercise supplemental jurisdiction over the remaining claims:

> [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988).

 Here, these factors weigh heavily in favor of remanding the action to state court. First, the Complaint is comprised of numerous state-law causes of action. With Count 19 dismissed, it does not present a single federal question. The principle of comity requires that federal courts respect the jurisdiction of state courts to rule upon state-law based claims. Id. ("[T]hese factors usually will favor a decision to relinquish jurisdiction when state issues substantially predominate, whether in terms of proof, the scope of the issues raised, or of the comprehensiveness of the remedy sought.") (internal citation and quotation marks omitted); Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

 Second, it is still very early in the case and judicial economy will not be served by retaining jurisdiction. The Court has made no rulings, a scheduling order has not been issued, and no trial date has been set. As the action was only recently removed to federal court and the Court has taken no substantive action on it, judicial economy will not be served by retaining jurisdiction.

 Finally, it would be fair to remand the action to state court. Although some Defendants have filed motions to dismiss, there is no reason why these motions cannot be addressed by the state court. The Defendants will suffer no additional burden in litigating these motions in state court. Many of the Defendants have not yet appeared, and several have not yet been served.

 Defendant Softlayer Technologies, Inc. argues that the Plaintiffs should not be permitted to opportunistically dismiss their federal claim in order to return to state

court.  This concern does not warrant retaining jurisdiction.  A plaintiff has the right to "voluntarily abandon a claim even though his decision may affect the jurisdiction of a federal court; after all, the claim he abandons—once dismissed with prejudice—is the price he pays."  Pitts v. Terrible Herbst, Inc. 653 F.3d 1081, 1094 (9th Cir. 2011).  The concern "that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case . . . hardly justifies a categorical prohibition on the remand of cases involving state-law claims."  Cohill, 484 U.S. at 357.  The Plaintiffs filed a Complaint that is almost entirely comprised of state-law causes of action, and they intended to litigate their claims in state court.  In construing their pleadings, the Court must consider the Plaintiffs' pro se status.  The inclusion of a single federal claim does not appear to be based on gamesmanship by the Plaintiffs, but merely due to their being pro se and less acquainted with jurisdictional law.

 The Plaintiffs' Motion to Dismiss Count 19, for mail fraud in violation of 18 U.S.C. § 1341, and remand the action to state court, (Doc. 19) is **GRANTED.**

 The Plaintiffs' federal mail fraud claim under 18 U.S.C. § 1341 is **DISMISSED WITH PREJUDICE.**

 The case and all files herein are **REMANDED** to Hawaii state court.


Submitted by Leslie L. Sai, Courtroom Manager